[No. 4457.]

## THE DENVER & RIO GRANDE RAILROAD CO. v. MAYDOLE ET AL.

1. **Negligence—Comparative Negligence—Instructions.**

In an action for damages for the death of an employee of a railroad company alleged to have been caused by the negligence of the company, an instruction upon the subject of comparative negligence which told the jury in substance that though they believed the defendant was guilty of negligence, as alleged, yet if the deceased was also guilty of an equal or nearly equal degree of negligence directly contributing to his death, they should find for defendant, was erroneous.

2. **Negligence—Railroads—Rules—Evidence—Instructions.**

In an action for damages for the death of an employee of a railroad company, alleged to have been caused by the negligence of the company, where the defendant claims that deceased at the time of his death was riding upon the engine in violation

of the rules of the company, the court should construe the rules and determine whether deceased was prohibited from riding upon the engine, and instruct the jury accordingly; and if so prohibited, the jury should determine whether deceased had knowledge of the existence of the rule, and if so, whether he had permission from the proper authority to ride upon the engine.

*Appeal from the District Court of Gunnison County: Hon. Theron Stevens, Judge.*

Messrs. WOLCOTT, VAILE & WATERMAN, Mr. W. W. FIELD and Mr. THOS. C. BROWN, for appellant.

Mr. DEXTER T. SAPP, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

Jesse L. Maydole, an employee of The Denver & Rio Grande Railroad Company, met his death in a wreck on said road which occurred about two o'clock in the morning of October 23, 1896. The children of Maydole, who are his surviving heirs, brought suit against the company through their guardian for damages, alleging negligence on the part of the company. Maydole was a brakeman, and at the time of the wreck was riding on the locomotive. The locomotive ran through a burned bridge and was overturned. The engineer and fireman jumped, but Maydole remained on the locomotive and was killed. It is claimed by the plaintiff that the fire which consumed the bridge came from a defective locomotive; that the company failed to employ track walkers; that Maydole had no knowledge or means of knowing of the unsafe condition of the track. The company alleges that Maydole was guilty of contributory negligence; that he was riding on the locomotive without permission and contrary to the rules of the company; that he was warned of the danger by the engineer and fireman in time to have saved himself by jumping from the locomotive, and that Maydole's

duty as a brakeman required him to remain on the rear car of the train. It was admitted that no track walkers were employed for the purpose of inspecting the track during the night, and that there had been no inspection of the track since the afternoon of the preceding day. The company's rule No. 116 is as follows: "No person will be permitted to ride on engines or in any baggage, mail or express cars, except employees in the discharge of their duties, without a written order from the proper authority."

Witnesses testified that a copy of the rule was given Maydole when he entered the employment of the company. It was shown that track walkers had not been employed on the road since 1891, at which time the passenger night trains were discontinued. There was testimony tending to show that Maydole, when he entered the service of the company, knew that the night track walkers were not employed.

The following instructions were given over the objection of the defendant:

"Although the jury may believe from the evidence that the defendant, or its servants, were guilty of negligence which contributed to the death in question, still, if the jury further finds from the evidence that the deceased was also guilty of negligence which directly contributed to the injury, then the plaintiff cannot recover in this suit, unless the jury further finds from the evidence that the defendant was so willfully negligent as to show an utter disregard for the life of the deceased, and that the negligence of the deceased was but slight as compared with that of the defendant. The court instructs you that though you may believe from the evidence that the defendant was guilty of negligence as alleged in the complaint, and that such negligence contributed to the death of the deceased, yet if the jury further believe from the evidence that the deceased was also

guilty of an equal or nearly equal degree of negligence directly contributing to his death and without which it could not have occurred, then the jury should find for the defendant.

"The jury are the sole judges of whether the rules of the defendant prohibited the deceased from riding on the engine at the time."

These instructions are erroneous, and because of the giving of them the case must be reversed. It has been held several times by this court that an instruction such as that given by the court upon the subject of comparative negligence is erroneous.— *D. & R. G. R. R. Co. v. Spencer*, 25 Colo. 9.

The court, and not the jury, should construe the company's rule and determine which of its employees the company prohibits from riding upon its locomotives; and, after so determining, should declare the law applicable in an instruction to the jury. The jury should determine whether the deceased had knowledge of the existence of the rule, and, also, even though he had such knowledge, whether he had permission from the proper authority to ride upon the locomotive.

We shall not decide at this time that the employment of track walkers for the purpose of inspecting the company's track during a portion of the day is or is not a compliance with the law, nor determine that by accepting employment by the company with knowledge that night track walkers were not employed, that Maydole did or did not assume the risk of injury caused by a train running through a bridge that had been burned, but we shall leave these questions for further consideration.

For the reasons given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*