Infant Eddie H. Silva VAZQUEZ, also known as Eddie H. Vazquez, through his mother and natural guardian Julia Vazquez as heir of wage earner Reinaldo Silva, Social Security Number 582–16–7455, Plaintiff

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare of the United States, Defendant.

Civ. No. 223–60.

United States District Court
D. Puerto Rico,
San Juan Division.

Aug. 18, 1961.

———◆———

J. C. Mendia, San Juan, P. R., for plaintiff.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

This action is now before the Court on cross-motions for summary judgment filed by the parties.

The motions came up for argument on July 21, 1961 and the Court then ruled from the bench, that defendant's motion be denied and plaintiff's motion be granted.

There is no dispute about the facts which the parties agree are substantially similar to those which this Court had before it in Gonzalez v. Hobby, D.C.P.R. 1953, 110 F.Supp. 893.

The Hearing Examiner's Decision in this case also concedes such similarity or comparability.

Therefore the only question before the court is one of law, i. e. whether the defendant through his Hearing Examiner was correct in refusing to apply this Court's former decision in Gonzalez v. Hobby, supra, which is the law of the forum in connection with the factual situation admitted to exist herein.

Gonzalez v. Hobby, supra, was decided by this Court in 1953. The Secretary of Health, Education and Welfare never sought a review thereof by any higher tribunal and it must be considered the law of this forum on the subject.

The Hearing Examiner based his refusal to apply Gonzalez v. Hobby, supra (although "reluctantly" and despite his inclination to "hold that under Puerto Rico law (31 L.P.R.A. Sections 501, 504, 506, 2431) Eddie, as a recognized natural child, is entitled to share equally with the legitimate children in the intestate estate of his father"), because, in his opinion he is bound to follow Robles v. Folsom, 2 Cir., 1956, 239 F.2d 562, certiorari denied 1956, 353 U.S. 960, 77 S.Ct. 869, 1 L.Ed.2d 911.

Robles v. Folsom, supra, is not in any way inconsistent with Gonzalez v. Hobby, supra, as the Hearing Examiner claims.

The issue there as stated by Judge Learned Hand in his opinion (239 F.2d at page 563) was "in other words, whether under the *law of New York* the plaintiff would have *inherited* the personal *property of his father*, had his father died intestate". (Emphasis supplied.)

Further on, the opinion reads (at page 564)

"However, although nothing but subsequent marriage will legitimate

a child born out of wedlock in Puerto Rico (1. Civil Code of Puerto Rico, Sec. 482, 31 L.P.R.A.) it is true that the Puerto Rican Code allows an illegitimate child to inherit his proportion of his father's property, if, his father has 'recognized' him as his own, Sec. 504; and, as we have said, the plaintiff was so 'recognized' and would have inherited his father's person property '(in Puerto Rico),' *had his father been domiciled in Puerto Rico when he died.*—Sec. 506(3). Thus, the issue is narrowed to whether the plaintiff would *have inherited* his share of *his father's personal property* when his father died *a resident* of *New York,* because, although not legitimate, *he would have done so, if his father had been domiciled in Puerto Rico."* (Emphasis supplied.)

"(1) The question whether 'legitimacy' is a *condition* upon the inheritance of the father's personal property in New York *regardless* of any *right of inheritance elsewhere,* has come up only three times, etc." (Emphasis supplied.)

Thus, it is quite clear that what the U. S. Court of Appeals for the 2nd Circuit was concerned with in that case was a situation peculiar to New York and not to any other place.

Similarly what this Court was concerned with in Gonzalez v. Hobby, supra, was a situation peculiar to Puerto Rico and to no other place.

Indeed the Court of Appeals for the 2nd Circuit in its opinion in said case so recognized when it was confronted with this court's case and, *far from criticizing or disauthorizing its holdings,* distinguished the same, as follows:

"As for Gonzalez v. Hobby, D.C., 110 F.Supp. 893, 897, it is enough to distinguish it from the case at bar that the judge held that the plaintiffs' right to the insurance of their father was not to be determined by the 'substantive law of the District of Columbia' but by 'the substantive law of the place where he '(the father)' resided or was domiciled'. *The father was domiciled in Puerto Rico when he died, by the law of which, as has appeared, a child may inherit regardless of his 'legitimacy',* and it would indeed *have been a very harsh ruling to say that the plaintiffs in that case should not be awarded the insurance granted by the statute,* although they were entitled to all the rest of their father's personal property." (Emphasis supplied.) 239 F.2d at page 565.

The Hearing Examiner's decision is precisely the very harsh ruling which was the subject of the above criticism by Judge Hand.

The criticism made by Chief Judge Clark in his dissenting opinion in said case, most aptly applies to Hearing Examiner's opinion in this action, in which he places much "emphasis on names or labels rather than on substance" particularly in questions involving social justice. He became involved in semantics which led necessarily to confusion. So much so that he cites Figueroa v. Diaz (1953) 75 P.R.R. 152, 160, 166, where in the two different majority opinions written in that case the justices show their concern as regards the further use of the terms legitimate and illegitimate in view of the broad language of Section 1, of Article II of the Constitution of the Commonwealth of Puerto Rico and the statements of the President of the Committee of the Bill of Rights of the Constitutional Convention, regarding said section, all of which are amply quoted at pages 156, 157 and 158, 75 P.R.R.

Therefore, the Hearing Examiner's Decision of March 30, 1960 and the Decision of the Appeals Council dated July 12, 1960 affirming the aforesaid decision, must be reversed, vacated and set aside, and a summary judgment in favor of plaintiff herein must be rendered.

### Summary Judgment

The pleadings and admissions on file, together with the certified copy of the

transcript of the record, including the evidence upon which the findings and decision complained of are based, attached to defendant's answer pursuant to Title 42 U.S.C.A. § 405(g) show that there is no genuine issue as to any material facts and that infant-plaintiff Eddie H. Silva Vazquez, also known as Eddie H. Vazquez, who is suing thru his mother and natural guardian Julia Vazquez, is entitled to child's benefits, based on the wage record of his deceased father, the insured individual, Reinaldo Silva and therefore said infant-plaintiff is entitled to a judgment as a matter of law.

It is therefore ordered, adjudged and decreed that the defendant's decision under review herein, be, and the same is hereby, reversed.