**Dolores Burgos FLORES, Claimant, on behalf of Hector Ramon Diaz and Virginia Diaz, Plaintiff,**

**v.**

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 254–63.**

United States District Court
D. Puerto Rico.

May 7, 1964.

Juan Esteves, San Juan, P. R., for plaintiff.

Francisco A. Gil, Jr., U. S. Atty., and Antonio Córdova, Ass't U. S. Atty., San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

Cross motions for summary judgment pursuant to Rule 56(a) (b) and (c) of the F.R.Civ.P. were the subject of hearing on the April 3, 1964 motion day.

Both parties concede that the factual situation which defendant's hearing examiner had before him in considering plaintiff's claim for child's benefits on behalf of her children, Héctor Ramón and Virginia Díaz, was identical to that before the Court in González v. Hobby (D. C.P.R. March 31, 1953) 110 F.Supp. 893,

as well as in the subsequent case of Vázquez v. Ribicoff (D.C.P.R. August 18, 1961) 196 F.Supp. 598.

However, the Hearing Examiner, in his Decision under review herein, although conceding that the situation here is apposite to that involved in the above cited cases, stubbornly refused to follow them insisting that this case is governed by Robles v. Folsom (2 Cir. 1956) 239 F. 2d 562, which I had the occasion to explain and distinguish in my opinion in Vázquez v. Ribicoff, supra.

What I said there about the law of the forum must be energetically reiterated here.

■ An agency of the government entrusted with the administration and enforcement of a federal statute within this district is bound to pay due respect to the decisions of this Court in matters brought before it from said agency and has no right or authority to disregard such decisions.

■ If the agency is dissatisfied with any ruling or decision of this Court, it should seek its reversal or modification by the legal media provided by our laws for the review thereof.

■ Absent any such reversal or modification, the refusal or failure to follow such decisions in future cases appears to be contemptuous.

Therefore, the Hearing Examiner's Decision of April 29, 1963, and the Decision of the Appeals Council dated May 23, 1963, denying plaintiff's request for review, must be reversed, vacated, and set aside on the authority of González v. Hobby, supra, and Vázquez v. Ribicoff, supra, and a summary judgment in favor of plaintiff herein must be rendered.

### Summary Judgment

The pleadings and admissions on file, together with the record upon which the findings and decision complained of are based, show that there is no genuine issue as to any material fact and that the infants Héctor Ramón Díaz and Virginia Díaz, who are suing through their mother and natural guardian Dolores Burgos Flores, are entitled to child's benefits, based on the wage record of their deceased father, the insured individual, Modesto Díaz and, therefore said infant-plaintiffs are entitled to a judgment as a matter of law.

It is therefore ordered and adjudged that the defendant's decision, under review herein, be and the same is hereby reversed.