No. 22487.

HERBERT W. BERRY, AS MAYOR AND VERN SCHNEFT, HAROLD DODGE, JR., WILLIAM PORTERFIELD, RALPH HINES, DONALD HAMPTON AND JOHN MUSSELMAN, AS THE BOARD OF TRUSTEES, TOWN OF WALDEN, THOMAS CHARLES ELBERSON, AND BYRON ANDERSON, AS SECRETARY OF STATE OF THE STATE OF COLORADO *v.* VANCE RICHARDSON AND ALICE RICHARDSON.

(418 P.2d 523)

Decided October 3, 1966.

WALTER F. SCHERER, for plaintiff in error Charles Elberson.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for plaintiff in error Byron Anderson.

JOHN A. PRICE, for plaintiffs in error Board of Trustees of Walden, Colorado.

HILL and COYTE, for defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THE parties herein will be referred to in the following manner: Plaintiff in error, Thomas Charles Elberson as applicant; plaintiff in error, Board of Trustees of Town of Walden, as Board of Trustees; and defend-

540

ants in error, Vance Richardson and Alice Richardson, as objectors, or as Richardsons.

Applicant had a retail liquor store license for operation at 475 Main Street, Walden, Colorado, and objectors had a liquor store license next to the corner in the same block. There was a filling station on the corner. The filling station was closed and applicant purchased the corner property and filed a petition with the Board of Trustees requesting a transfer of location from 475 Main Street to 497 Main Street, in Walden, Colorado, which would be approximately 200 feet south of applicant's old location on the same side of the street.

The petition to relocate was granted by the Board of Trustees by a 4 to 2 vote. Subsequently, the application was approved by the Secretary of State. The Richardsons thereupon filed an action in the District Court. Although there were a number of people who signed the petition objecting to the relocation as well as a number who signed a petition in favor of it, the only parties seeking a review of the decision of the Board of Trustees are the Richardsons, who are competitors of the applicant.

The trial court reversed the action of the Board of Trustees of the Town of Walden and ordered that the package liquor license issued to applicant by the Board of Trustees for 497 Main Street in Walden be revoked and rescinded. The trial court stated that the license was improperly granted because the Secretary of State did not hold a hearing before approving the application. He held that our decision in *Potter v. Anderson,* 155 Colo. 25, 392 P.2d 650, wherein we stated that there is nothing in the State Liquor Code which requires the Secretary of State to conduct a hearing before approving an application for liquor license is clearly erroneous and a judicial re-writing of the statutes. He thereupon stated that he would give this Court another opportunity to correct this so-called error.

The rule announced in *Potter* is clear and in-

cisive and we meant exactly what we said there. We have pointed out before that:

"It is basic to our judicial system that the judges who preside in the trial courts shall follow the law as announced by this court. It does not lie within the discretion of a trial judge to 'reject' the 'holding' of this court in any case, even though he might believe that the law should be other than that clearly indicated by our decisions. * * *" *Henderson v. People,* 156 Colo. 229, 397 P.2d 872, 874.

▮ Trial judges who wish to change the law, as declared by this Court, which is charged by the constitution with the final responsibility of enunciating the law of this state, must do so through legislative channels and not through decisions at the trial court level. Otherwise government by rule of law will no longer be the basic principle upon which our republic stands.

The trial judge also held that there was no evidence to justify the Board of Trustees' action in approving the change of location, contending that there was no showing of the reasonable requirements of the neighborhood to which the applicant sought to change his location. Applicant already had a license in the same block and in the Board of Trustee's view and in the view of the petitioners supporting the application, and clearly in the common sense view, the needs of the neighborhood were the same several doors down the street as they were where the applicant was located, and the moving of the store would create no less of a need for a liquor store than was already present in the very same neighborhood.

▮ We are cited to *MacArthur v. Martelli,* 127 Colo. 308, 255 P.2d 969 and *Torrence v. Johnson,* 147 Colo. 48, 362 P.2d 574. We point out that in both of those cases we reversed trial judges who had substituted their judgment for that of the liquor licensing authority. In *Quedens v. J. S. Dillon Co.,* 146 Colo. 161, 163, 360 P.2d 984, 986, this Court said:

"We have repeatedly held that the various licensing

542

authorities have discretionary power in granting or denying licenses and their actions will not be disturbed on review unless arbitrary or capricious. * * *

"Certainly the Trustees of Commerce Town, [Walden] answerable as the governing body thereof, coming face to face with its daily problems are better able to weigh and consider the evidence presented by witnesses, petitions and remonstrances than a county judge [district judge] in a neighboring city, or this court, even further removed from the affairs of this self-governing community."

We have reiterated this principle of law so many times that we believe it is quite unnecessary to cite the cases at length. We are unable to find that the action of the Board of Trustees here was arbitrary, capricious, not justified by the evidence, or such that reasonable men, based on the same evidence, would not have come to the same conclusion.

We have recently had occasion to reverse a number of cases in which trial judges have substituted their judgment for that of the licensing authority and have, in effect, set themselves up as the licensing authority. We have done this both in situations where licenses were granted and where licenses were denied by the statutory licensing authority. Such unwarranted actions by trial judges lead to the fomenting of litigation, building up of backlogs in this Court and the creation of unjustified expense for litigants involved in such controversies.

The judgment of the trial court is reversed.

Mr. Justice Schauer not participating.