Mr. Justice Kelley
delivered the opinion of the Court.
This is an interlocutory appeal initiated by the defendant from a ruling of the District Court of Adams County. The trial court denied defendant’s motion to suppress certain statements made during in-custody interrogation. She seeks reversal of the trial court’s ruling.
A Mr. Stone informed the Adams County Sheriff’s office that his apartment had been burglarized on July 15, 1970, and that a television set had been stolen. In his report to the police, Stone mentioned that the defendant, Tojhyne Trueblood, lived in the apartment above his; had been in his apartment; knew the location of the missing television set; and that she was a suspect.
The investigation of the burglary was assigned to Deputy Sheriff McCall. Shortly thereafter, the defendant, Tojhyne Trueblood, commenced serving a 60-day jail sentence in the Adams County jail for contempt of the county court. McCall, upon learning that a suspect in the case he was investigating was serving a jail sentence, proceeded to the jail to interview the defendant regarding the burglary. McCall then took the defendant from her jail cell to the Investigation Division of the Adams County Sheriff’s Department for questioning.
McCall advised the defendant of her constitutional rights, pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and informed her that she was suspected of the burglary. The defendant denied any knowledge of the burglary. In order to substantiate her denial of involvement in the burglary, McCall suggested that she submit to a lie detector test, to which the defendant agreed. She was again advised of her rights pursuant to Miranda and informed of the “workings of a polygraph examination.” However, prior to submitting to. the test, she admitted the burglary.
The defendant contends here that when she was taken from her cell to the interrogation room to be interrogated, she was at that moment placed under arrest. *509 The defendant claims that this arrest was not based on probable cause, and therefore, her statements were not incident to a valid arrest and must therefore be suppressed. This is an assertion of a denial of Fourth Amendment rights.-
The fault in the logic of the defendant’s argument arises because she argues Fourth Amendment principles in a Fifth Amendment situation. In this case, the defendant was in custody and before being interrogated she was given the Miranda warnings to which she was entitled under the Fifth Amendment.
The trial court found that the defendant was given all of the required warnings and that she understood them; that the defendant knew she did not have to make a statement; that she could have a lawyer present at any time, and if she did not have an attorney, one would be appointed for- her; and that the defendant knowingly, intelligently, and voluntarily waived her rights under Miranda before confessing to the crime. These findings are adequately supported by the record.
We affirm the trial judge’s ruling.