No. 23638.

Harold J. Heafer *v.* Denver-Boulder Bus Company, a Colorado corporation; and Thomas Edward Fuller.

(489 P.2d 315)

Decided October 12, 1971.

KRIPKE, CARRIGAN & DUFTY, P.C., KENNETH N. KRIPKE, for plaintiff in error.

ZARLENGO, MOTT and CARLIN, ALBERT E. ZARLENGO, JR., for defendants in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THE sole issue presented by this writ of error is whether the trial court should have permitted the jury to consider the doctrine of comparative negligence in determining the liability of the defendant.

Plaintiff, Harold J. Heafer, made claim in the District Court of Denver County against Denver-Boulder Bus Company for damages arising out of a bus-auto collision which occurred in Boulder Canyon on March 7, 1967. At the conclusion of the evidence the court submitted the issues of negligence, contributory negligence, last clear chance, causation and damages to the jury. The court refused to instruct the jury on the doctrine of comparative negligence, as requested by plaintiff. The jury returned its verdict in favor of defendant. Plaintiff's motion for a new trial on the sole ground of the court's refusal to consider the issue of comparative negligence was denied.

We affirm the judgment of the trial court.

Colorado courts have consistently over the years adhered to the doctrine of contributory negligence as a bar to recovery in negligence actions. This doctrine was initially pronounced by this Court in 1873 in *Western Union Tel. Co. v. Eyser*, 2 Colo. 141, and most recently reaffirmed in *Kistler v. Halsey*, 173 Colo. 540, 481 P.2d 722. Thus, the rule of contributory negligence had become firmly entrenched as a part of the negligence jurisprudence of this state. Attempts to persuade our Court to depart therefrom in favor of comparative negligence

were specifically rejected in the early cases of *D. & R. G. R. R. Co. v. Spencer,* 25 Colo. 9, 52 P. 211; *D. & R. G. R. R. Co. v. Maydole,* 33 Colo. 150, 79 P. 1023; *Koch v. Denver,* 24 Colo. App. 406, 133 P. 1119.

 Although urged to break the constraint of stare decisis, the trial court here was eminently correct in recognizing that it was not within its discretion to reject the holdings of this Court on this proposition. This was proper even though the trial court disagreed with the law as established, and believed that the doctrine of comparative negligence was preferable to the rule of contributory negligence in achieving justice in negligence cases. *Berry v. Richardson,* 160 Colo. 538, 418 P.2d 523; *Henderson v. People,* 156 Colo. 229, 397 P.2d 872.

However, we are not called upon to evaluate the validity of the proposition that the contributory negligence doctrine is less conducive to just results in negligence actions, as contrasted with the comparative negligence rule, for our legislature has spoken on this subject. By the enactment of An Act Concerning Comparative Negligence As A Means Of Ascertaining Damages In Negligence Cases, Colo. Sess. Laws 1971, ch. 125, the General Assembly has given legislative recognition to the persuasive arguments advanced by plaintiff in error and by respected authorities in the field of tort law that the comparative negligence rule is superior to the contributory negligence rule in tending to effect more just results in negligence actions. 2 *F. Harper & James, The Law of Torts,* §§ 22.1 to 22.3; *W. Prosser, Law of Torts* § 66 (3d ed. 1964); Turk, *Comparative Negligence on the March,* 28 Chi.-Kent L. Rev. 189; Keeton, *Creative Continuity in the Law of Torts,* 75 Harv. L. Rev. 463; Peck, *Comparative Negligence and Atuomobile Liability Insurance,* 58 Mich. L. Rev. 689; James, Jr., Calvin, Jr., Leflar, Malone, Wade, *Comments on Maki v. Frelk — Comparative Versus Contributory Negligence: Should the Court or Legislature Decide?* 21 Vand. L. Rev. 889.

 The question arises whether the doctrine of com-

160

parative negligence should judicially be made applicable to the present case. The statute specifically provides that it shall take effect July 1, 1971, and shall apply only to actions arising out of events which occur on or after such date. Judicial restraint requires that we honor the prospective application of the statute in the interest of avoiding unwarranted confusion in pending litigation involving tort transactions occurring prior to the adoption of the statute. For an analogous situation, *see Bissen v. Fujii*, 51 Haw. 636, 466 P.2d 429.

The judgment is affirmed.