602 P.2d 911 (1979)
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF WELD, State of Colorado, Employer, Petitioner,
v.
Agnes MARTINEZ, Nora E. Archuleta, and Mary H. Quintana, Employees; the Director of the Division of Labor; and the Industrial Commission of the State of Colorado, Respondents.
Nos. 79CA0130, 79CA0131 and 79CA0291.
Colorado Court of Appeals, Div. I.
November 1, 1979.
R. Russell Anson, Asst. County Atty., Greeley, for petitioner.
J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David Aschkinasi, Asst. Atty. Gen., Denver, for respondents.
SILVERSTEIN, Judge.
Based upon the Industrial Commissioner's allegedly erroneous interpretation of the eligibility exclusion contained in § 8-73-107(5), C.R.S.1973 (1978 Cum.Supp.), petitioner, by consolidated petitions, seeks reversal *912 of the award of unemployment compensation benefits to certain teachers' aids, the individual respondents. We reverse.
Respondents were teachers' aids employed by the Board of County Commissioners of Weld County through the county Department of Human Resources, with federal funds appropriated through Project Headstart. See 42 U.S.C.A. §§ 2922 and 2928. They worked from September 1977 through May 1978; each was offered and had accepted a contract to be reemployed as a teachers' aid in September 1978.
The referee determined that respondents had been separated from employment because Headstart classes were not conducted during the summer months and that this was equivalent to separation due to lack of work, entitling respondents to full unemployment compensation. The referee further concluded that § 8-73-107(5), C.R.S. 1973, did not apply to exclude respondents from coverage because the Headstart program was not a part of the public school district, and, therefore, that the reasonable assurances concept of the section did not apply. The Industrial Commission adopted the referee's findings and awarded respondents full unemployment compensation.
Section 8-73-107(5), C.R.S.1973 (1978 Cum.Supp.) provides, in pertinent part:
"With respect to any services performed after December 31, 1977, in any capacity for an educational institution . . . benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years, or during a similar period between two regular but not successive terms . . if such individual performs services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform services in the second of such academic years or terms."
Respondents concede § 8-73-107(5), C.R. S.1973 (1978 Cum.Supp.) is not limited in application to public school employees. See Wilmore v. Annear, 100 Colo. 106, 65 P.2d 1433 (1937). However, they defend the Commission's orders, claiming the section does not apply because the Headstart program is not an "educational institution." We disagree.
Since "institution" is an imprecise word, with many diverse applications, see Webster's New International Dictionary (2d ed. 1956), we look to the legislative history of this section to determine the legislative intent. Travelers Indemnity Co. v. Barnes, 191 Colo. 278, 552 P.2d 300 (1976); Haines v. Colorado State Personnel Board, 39 Colo. App. 459, 566 P.2d 1088 (1977).
This statutory addition was prepared by the Colorado Department of Employment to bring the state unemployment laws into conformity with federal provisions outlined in 26 U.S.C.A. § 3304(a)(6)(A). Transcript, Colorado Senate Business Committee Hearing, April 20, 1977 (H.B.1614). Like the comparable federal statute, the state statutory exclusion was intended to preclude school teaching and non-teaching personnel from receiving unemployment compensation during summer recess if they had the promise of work in the fall. Transcript, Colorado House Business Committee Hearing, March 29, 1977 (H.B.1614); and see Legislative History Pub.L. No. 94-566 [1976], U.S.Code Cong. & Admin.News, p. 6035.
The General Assembly provided a guide to interpretation of the unemployment compensation laws by declaring the purpose of the act was to alleviate economic insecurity due to involuntary unemployment of persons unemployed through no fault of their own. Section 8-70-102, C.R.S.1973. The General Assembly further determined that personnel of educational institutions, including teachers, whose work schedules included a three-month summer vacation, rather than a three-month period of involuntary unemployment, did not fit into the class of persons to be protected by the unemployment compensation fund. Section 8-73-107, C.R.S.1973.
Project Headstart is a preschool program for economically disadvantaged children providing classes and services to meet the intellectual, social, and health needs and to *913 enhance the potential for success of each child in the program. 42 U.S.C.A. §§ 2922 and 2928; and see Legislative History Pub.L. No. 93-644 [1974], U.S.Code Cong. & Admin.News, pp. 8048 and 8084. Further, the record here reveals Headstart programs are run similarly to public school programs, following the regular school calendar for classes and vacation periods. In the context of this statute an institution is "an established organization; especially, one dedicated to public service." American Heritage Dictionary (1969). An "educational institution" is one which "teaches and improves its pupils; a school, seminary, college or educational establishment." Clinic v. Oglesby, 42 Ariz. 98, 22 P.2d 1076 (1933).
Weld County, through its Department of Human Resources, is an institution which, as to the Headstart program, is conducting a school, and, as such, is an "educational institution" under the unemployment compensation act. Its employees are, therefore, excluded from coverage during summer recess so long as the other provisions of the section are met.
We set aside the orders and remand the causes for further proceedings to determine whether the other provisions of § 8-73-107(5) C.R.S.1973 (1978 Cum.Supp.) have been met.
COYTE and KELLY, JJ., concur.