**DENVER PUBLIC SCHOOLS, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF THE STATE OF COLORADO, (Ex-Officio Unemployment Compensation of Colorado), and Lenore Krinsky, Respondents.**

**No. 81CA0464.**

Colorado Court of Appeals,
Div. II.

Jan. 21, 1982.

Rehearing Denied Feb. 11, 1982.

Good & Stettner, P. C., Martin Semple, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Alice L. Parker, Asst. Atty. Gen., Denver, for respondents.

Lenore Krinsky, pro se.

VAN CISE, Judge.

Lenore Krinsky was employed as a substitute teacher by the Denver Public Schools (DPS) and by other school districts in the Denver metropolitan area during the 1979–80 school year. At the end of the school year, she applied for unemployment compensation. The Industrial Commission found that there was "insufficient evidence to support a determination that the claimant had reasonable assurance of reemployment with the interested employer," and ordered that claimant had established her eligibility for a full award of unemployment compensation benefits for the period from the end of the school year through August 24, 1980 (the day before she resigned from her job with DPS to take a full time job with another school district). DPS petitions for review of this order. We set aside the order.

The relevant section of the unemployment insurance statute is § 8–73–107(3)(a), C.R.S.1973, which provides in pertinent part:

"With respect to services in an instructional ... capacity for an educational institution, compensation shall not be payable based on such service for any week commencing during the period between two successive academic years or terms ... to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or *reasonable assurance* that such individual will perform services in any such capacity for the educational institution in the second of such academic years or terms." (emphasis supplied)

The evidence in the record is that, at the end of the school year, claimant expressed a desire to be reemployed as a substitute teacher for the following school year. She testified that there was a mutual understanding that, in the event she did not obtain a contract as a full-time teacher, she would be available to substitute, and she was verbally assured that she would remain on the active substitute list and could return in the fall unless DPS was notified otherwise. Also, she received from DPS a reasonable assurance form which indicated that her name would be on the substitute teacher list for the fall term. DPS contends this is sufficient evidence of "reasonable assurance" of employment for a substitute teacher. We agree with DPS.

In *Herrera v. Industrial Commission*, 197 Colo. 23, 593 P.2d 329 (1979), our Supreme Court affirmed a denial of benefits to a DPS food service worker who had sought unemployment compensation for the period between two school terms. The court held that a "reasonable assurance" exists when there is "a written, verbal, or implied agreement that the employee will perform services in the same capacity during the ensuing academic year or term." The only evidence to establish such an agreement in *Herrera* was the employee's expressed intent to work for DPS and a signed form from DPS stating an intent to rehire the employee for the coming term "depending on continued need." Although *Herrera* dealt with a federal statute, the pertinent statutory language is identical and the court's rationale is applicable and dispositive of the issue on this appeal.

Therefore, here, the Commission placed an unreasonable burden on DPS in dealing with substitute teachers by its ruling that:

"Before an individual is disallowed on the basis of having a reasonable assurance, it must be shown through competent evidence that the claimant will have a *reasonable assurance of actually working* ..." (emphasis supplied)

The Commission's finding that there did not exist a reasonable assurance of reemployment or "reasonable assurance of actually working" is not supported by the evidence, and is in direct conflict with *Herrera v. Industrial Commission, supra.* *See also Board of County Commissioners v. Martinez*, 43 Colo.App. 322, 602 P.2d 911 (1979); *Milkowski v. Illinois Department of Labor*, 82 Ill.App.3d 220, 402 N.E.2d 646 (1980); *Ellman v. Pennsylvania Unemployment Compensation Board*, 407 A.2d 478 (Pa. Cmwlth.1979).

The order is set aside, and the cause is remanded with directions to disallow benefits on this portion of the claim.

ENOCH, C. J., and KELLY, J., concur.