**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ADAMS, Petitioner,**

v.

**INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), Sallie M. Fresquez, Blanche A. McCall and Susan M. Walsh, Respondents.**

**Nos. 81CA0051, 81CA0052 and 81CA0138.**

Colorado Court of Appeals,
Div. I.

April 1, 1982.

Rehearing Denied April 22, 1982.

Certiorari Granted Aug. 30, 1982.

Kevin Maggio, County Atty., Ann Victoria Hopcroft, John E. Bush, Jr., Christian M. Lind, Asst. County Attys., Brighton, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., David L. Lavinder, Asst. Atty. Gen., Denver, for respondents.

PIERCE, Judge.

The three cases captioned here were consolidated because they concern almost identical fact situations and were decided under a single legal principle.

On November 1, 1979, this court determined that a county Department of Human Resources was an "educational institution" under the pertinent provision of the unemployment compensation act, Colo. Sess. Laws 1977, ch. 91, § 8–73–107(5) at 463, and concluded therefore that teachers' aids employed by the Headstart Program administered by that county department were excluded from unemployment compensation during the program's summer recess. *Board of County Commissioners v. Martinez*, 43 Colo.App. 322, 602 P.2d 911 (1979).

On July 27, 1980, the Industrial Commission promulgated Emergency Regulation 2.7 which states in pertinent part:

"No institution, organization, or other entity shall be considered an 'educational institution' within the meaning of C.R.S. 1973, 8–73–107(3) on the basis that the institution, organization, or other entity operates or sponsors a Head Start Program. . . ."

After the promulgation of this regulation, the Industrial Commission heard the three cases involved in this appeal and determined that these three employees of the Headstart Program in Adams County were entitled to unemployment compensation while on summer recess.

During the period between the announcement of *Martinez, supra*, and the rulings in these three cases, § 8–73–107, C.R.S. 1973, was amended in certain particulars, *see* Colo. Sess. Laws 1979, ch. 67, at 347 and 356; however, no amendment had any effect upon the concept of "educational institution" which was the basis of the holding of *Martinez*. Therefore, the Industrial Commission attempted to overrule *Martinez* by its promulgation of Rule 2.7 and its rulings in these three cases. This was error and we reverse all three cases.

I.

"The powers of the government of this state are divided into three distinct departments,—the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others,

except as in this constitution expressly directed or permitted." Colo. Const., Art. III.

■ This constitutional mandate of separation of powers has been violated in the cases before us. By long-standing law, the final authority to construe the constitution and the laws of this state lies with the judiciary. *People v. Martin,* 19 Colo. 565, 36 P. 543 (1894); *see United Presbyterian Ass'n v. Board of County Commissioners,* 167 Colo. 485, 448 P.2d 967 (1968). The executive branch has no authority to exercise these powers in the face of a clear judicial pronouncement to the contrary.

■ Public administrative officers in their exercise of administrative powers and performance of duties must respect and follow a court's declaration and interpretation of the law. The relationship between an agency and the courts, under the fact situations here before us, has been well stated in *Flores v. Secretary of Health, Education & Welfare,* 228 F.Supp. 877 (D.P.R. 1964), wherein the court said:

"An agency of the government entrusted with the administration and enforcement of a ... statute ... is bound to pay due respect to the decisions of this Court in matters brought before it from said agency and has no right or authority to disregard such decisions.

"If the agency is dissatisfied with any ruling or decision of this Court, it should seek its reversal or modification by the legal media provided by our laws for the review thereof.

"Absent any such reversal or modification, the refusal or failure to follow such decisions in future cases appears to be contemptuous."

■ An agency's only other avenue for changing judicial rulings with which it is displeased is by obtaining appropriate legislative relief. *Flores v. Secretary of Health, Education & Welfare, supra; Public Service Commission v. City of Williston,* 160 N.W.2d 534 (N.D. 1968).

## II.

The Industrial Commission maintains, however, that it did have the power to promulgate this rule because of a delegation of the power to make rulings in this area conferred on it by the General Assembly. We do not agree.

The Commission traces its power to Colo. Sess. Laws 1977, ch. 91, § 8–70–108 at 463, which pertains to the programs involved here and which states:

"If any provisions contained in articles 70 to 82 of this title are determined to be in nonconformity with federal statutes, as determined by the United States secretary of labor, the division is authorized to administer said articles so as to conform with the provisions of the federal statutes until such time as the general assembly meets in its next regular session and has an opportunity to amend said articles."

Before promulgating its rule, the agency obtained a letter from the Assistant United States Secretary of Labor that *Martinez* was "inconsistent with federal law."

■ While we agree that the General Assembly has the power to pass new legislation which may, in effect, overrule previous court rulings interpreting a previous statute, *e.g.,* § 13–21–111, C.R.S. 1973; *Heafer v. Denver-Boulder Bus Co.,* 176 Colo. 157, 489 P.2d 315 (1971) (comparative negligence replaces court-made rule of contributory negligence), the legislative branch of government is "powerless to confer judicial duties on officials of other departments." *People v. Trueblood,* 173 Colo. 507, 480 P.2d 548 (1971); *Denver v. Lynch,* 92 Colo. 102, 18 P.2d 907 (1932).

■ The General Assembly can delegate the power to promulgate rules and regulations to executive agencies so long as sufficient standards are set forth for the proper exercise of the delegated power, but it may not delegate the power to make the law. *Colorado Auto & Truck Wreckers Ass'n v. Department of Revenue,* Colo., 618 P.2d 646 (1980); *Casey v. People,* 139 Colo. 89, 336 P.2d 308 (1959). As stated in *Dixon v. Zick,* 179 Colo. 278, 500 P.2d 130 (1972), quoting *Field v. Clark,* 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892):

" 'The true distinction ... is between the delegation of power to make the law,

which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made.'"

■ Since prior to the rulings at issue here, there was no expressed intent by the General Assembly to overrule our holding in *Martinez,* and since the General Assembly has no power to delegate such legislative power to the Industrial Commission, even if such intent had been manifested, we rule that § 8–70–108, C.R.S. 1973, did not confer the power claimed by the Industrial Commission and that the Industrial Commission's action was *ultra vires.* Emergency Regulation 2.7 is therefore void. Since the pertinent statutory language in effect at the time of *Martinez* was still in effect at the times relevant here, the Industrial Commission had no constitutional power in either a legislative or a judicial capacity to overrule the decision of this court.

The orders of the Industrial Commission are set aside.

SMITH and VAN CISE, JJ., concur.