Ruben A. Valdez Executive Director Department of Labor Employment 251 East 12th Avenue Denver, Colorado 80203
Dear Mr. Valdez:
I am writing in response to the June 13, 1983 request of your office for a formal legal opinion concerning the effect of recently enacted unemployment insurance legislation. These issues were addressed in informal opinions dated May 10, 1983 and May 31, 1983 written by Patricia Blizzard, assistant attorney general. This opinion consolidates and expands those informal opinions.
QUESTIONS PRESENTED AND CONCLUSIONS
Your inquiry raises two specific questions:
House bill 1164 provides that trade readjustment allowances will not be subject to the offset provisions of C.R.S. 1973,8-73-110 (Supp. 1982). Does this exemption cause nonconformity with federal statutes?
Yes.
If the answer to question 1 is yes, may the Division of Employment and Training rely upon C.R.S. 1973, 8-70-108 (Supp. 1982) which permits the division to administer the law so as to conform to the provisions of the federal statutes until the general assembly meets in its next regular session?
Yes.
ANALYSIS
One of the purposes of the Trade Act of 1974, 19 U.S.C. § 2101et seq., is to safeguard American workers against unfair or injurious import competition. Section 231 of that Act provides for a cash benefit, called a trade readjustment allowance (TRA), to a worker who has been unemployed due to the impact of foreign imports, and who has exhausted all of his unemployment insurance benefits. Section 232 of the Act, as amended by Public Law 97-35, lists the amount of the TRA a worker receives. Section 232(a)(2), 19 U.S.C. § 2291, states that a TRA is reduced by "income that is deductible from unemployment insurance under the disqualifying income provision of the applicable state law or federal unemployment insurance law." C.R.S. 1973, 8-73-110 (Supp. 1982) lists the disqualifying income in Colorado. House bill 1164, 54th General Assembly, 1st Session (1983), amended section 8-73-110 by the addition of a new subsection. Prior to that amendment, section 8-73-110 stated:
 (1) Individuals who receive the following types of remuneration shall be determined to have received, for weeks after separation from employment, the individual's full-time weekly wage for a number of consecutive weeks equal to the total amount of the remuneration awarded, divided by the full-time weekly wage: (a) Wages in lieu of notice;
(b) Vacation pay;
(c) Severance allowances.
 (2) An individual who has an award for any week and for which week he, at a subsequent date, received a pay award by reason of a decision of the national labor relations board or other source, as a result of the action taken by the national labor relations board or other source, shall immediately repay to the division such amounts as will reimburse the division for all benefit payments made for the period during which he drew benefits and for which the national labor relations board or other source has caused a payment to be made in the form of back pay award to the claimant; and the employer's account charged for such benefits shall be credited accordingly.
 (3)(a) An individual's weekly benefit amount shall be reduced (but not below zero) by the prorated weekly amount of a primary insurance benefit under Title II of the federal "Social Security Act", a pension, retirement or retired pay, annuity, or any other similar periodic payment which has been contributed to by a base period employer.
 (b) (I) An individual who has applied for a retirement payment shall be entitled to receive, if otherwise eligible, benefits reduced by the estimated or reported amount of such retirement payment. When notice of the actual or confirmed amount of the retirement payment is received by the individual, he shall advise the division and the deduction will be adjusted accordingly.
 (II) If the estimated amount of the retirement payment exceeds the amount of unemployment compensation to which the individual is entitled, he shall receive one payment equal to the minimum weekly benefit amount, as prescribed by section 8-73-102 (1), other provisions of articles 70 to 82 of this title notwithstanding.
 (4) An individual's weekly benefit amount shall not be reduced because of the receipt of military service-connected disability compensation payable under 38 U.S.C. ch. 11 by the federal veterans administration. An individual's weekly benefit amount shall be reduced because of the receipt of a military disability retirement pension based on previous work performed by the individual, the relationship to the level of prior remuneration, or the length of service.
 (5) Individuals who receive compensation for temporary disability under the workmen's compensation law of any state or under a similar law of the United States shall be entitled to receive benefits for a corresponding week, if otherwise eligible, reduced by the amount of the temporary disability compensation.
 (6) Individuals who receive maternity benefits or other cash payments paid to the worker by a base period employer or from any trust or fund contributed to by a base period employer shall be entitled to receive benefits for a corresponding week, if otherwise eligible, reduced by the amount of such maternity benefit, or other cash payments.
The new subsection 7 of House bill 1164 states:
 (7) (a) This section shall not apply to trade readjustment allowances received pursuant to the "Federal Trade Act of 1974," as amended.
(b) This subsection (7) is repealed, effective July 1, 1984.
On June 3, 1983, Albert Angrisani, assistant secretary of labor, United States Department of Labor, informed your office that House bill 1164 was in nonconformity with the federal statutes. A copy of Mr. Angrisani's letter is attached.
Because of House bill 1164, Colorado is not in conformity with the federal statutes. Under C.R.S. 1973, 8-70-108 (Supp. 1982), when the United States Secretary of Labor or an assistant secretary of labor determines that any provision of the "Colorado Employment Security Act" is not in conformity with the federal statutes, the Division of Employment and Training is authorized to administer that Act "so as to conform with the provisions of the federal statutes until such time as the general assembly meets in its next regular session and has an opportunity to amend said articles." The division may take such action only after consultation with its advisory counsel (see C.R.S. 1973, 8-72-105
(Supp. 1982)) and only with the concurrence of the Colorado attorney general. By resolution dated June 10, 1983, the state advisory counsel to the Colorado Division of Employment and Training stated in part:
 NOW THEREFORE be it resolved that the advisory counsel of the Division of Employment and Training, having been consulted with, recommends that the division administer House bill 1164 so as to conform with federal statutes.
Section 8-70-108 has been the subject of a recent court challenge. After learning of possible nonconformity in regard to the denial of unemployment benefits to Headstart employees, the Industrial Commission adopted a rule to insure conformity with the federal law. In Board of County Commissionersv. Martinez, 43 Colo. App. 322, 602 P.2d 911 (1979), the court of appeals overturned the rule, placing the state in nonconformity with federal law. Relying upon section 8-70-108, the Industrial Commission passed an emergency regulation which once again placed the state in conformity. In Board ofCounty Commissioners of County of Adams v. IndustrialCommission, ___ Colo. App. ___, 650 P.2d 1297 (1982), the court of appeals rejected the Industrial Commission's reliance on section 8-70-108, holding that it was an unconstitutional delegation of legislative power:
 The general assembly can delegate the power to promulgate rules and regulations to executive agencies so long as sufficient standards are set forth for the proper exercise of this delegated power, but it may not delegate the power to make the law. (Citations omitted.)
650 P.2d 1297 at 1299. This case was appealed by the Industrial Commission to the Colorado Supreme Court, and the petition for writ of certiorari was granted August 30, 1982. There has not yet been a final decision.
Although the supreme court usually has original jurisdiction to decide constitutional questions, in an unnumbered order issued in case 80 CA 0673, the supreme court held that C.R.S. 1973,13-4-102(2) (1973), as amended, granted initial jurisdiction of Industrial Commission cases to the court of appeals even if the constitutionality of the statute was in question. (SeeMeyer v. Industrial Commission, ___ Colo. App. ___,644 P.2d 46 (1981).)
It has been the position of this office that a challenged statute remains in effect until final action has been taken on its constitutionality. No mandate has been issued by the court of appeals. The supreme court has accepted certiorari directly on the issue of the validity of section 8-70-108. Therefore, it is my opinion that section 8-70-108 remains an effective method of avoiding noncompliance with the federal statutes in unemployment insurance benefit issues. At such time as the supreme court enters a final order in Board of County Commissioners ofCounty of Adams v. Industrial Commission,supra, this opinion may have to be reconsidered in light of that decision.
SUMMARY
The recently enacted House bill 1164 places the State of Colorado in nonconformity with the federal statutes because it denies an offset of certain wages or benefits against the trade readjustment allowance even though such an offset is mandated by the federal statutes for all unemployment insurance benefits. With the receipt of this opinion, the Division of Employment and Training will have complied with all of the requirements of C.R.S. 1973, 8-70-108 (Supp. 1982). It should administer the law accordingly so that the state is in conformity with the federal statutes.
Very truly yours,
 DUANE WOODARD Attorney General
EMPLOYMENT SECURITY EMPLOYMENT
C.R.S. 1973, 8-70-108 (1982 Cum. Supp.) C.R.S. 1973, 8-73-110 (1982 Cum. Supp.)
LABOR EMPLOYMENT DEPT. Empl Trng Div Empl Adm
The addition of a new subsection (7) to C.R.S. 1973, 8-73-110
(1982 Cum. Supp.) which exempts trade readjustment allowances from the offset provisions of that section creates nonconformity with the federal statutes. The Division of Employment and Training may use C.R.S. 1973, 8-70-108 (1982 Cum. Supp.) as a method of curing the nonconformity until the next regular session of the general assembly.