■ In the Matter of the Claim of RITA LINTZ, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Appellant. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 29, 1981, which reversed the decision of the administrative law judge and overruled an initial determination of the Commissioner of Labor which ruled claimant ineligible for benefits effective June 16, 1980. Claimant was employed as an adjunct assistant professor for the entire 1979-1980 academic year at New York University where she had been employed since 1968. During the same academic year, claimant had also taught a course or two at Touro and Staten Island Colleges on a limited part-time basis. In March of 1980, through a memorandum of employment, claimant was advised by New York University that her employment was available to her for the 1980-1981 academic year and would commence on September 22, 1980. Claimant concedes receipt of the memorandum and she responded by ordering the textbooks she intended to use through the university library. Claimant also applied for and was granted a position as a part-time teacher in the abbreviated summer school session running from June 9 through July 23. Contending that she was not between two successive academic years but rather was in "the middle of an academic term" during which she had only partial employment, claimant filed for benefits by certifying as to partial unemployment from June 16 through July 27. The board found that claimant was "not between academic terms" while teaching part time two days a week during the five-week summer session and was, therefore, eligible for partial benefits. We disagree. While great weight is to be accorded to the construction given statutes by the agencies responsible for their administration and, if not irrational or unreasonable, that construction should be upheld (*Matter of Howard v Wyman,* 28 NY2d 434), the issue presented, involving the interpretation of statutory language, is a question more appropriate for judicial rather than administrative resolution (*Matter of Van Teslar* [*Levine*], 35 NY2d 311; *Matter of Theurer* [*Trustees of Columbia Univ. in City of N. Y. — Ross*], 59 AD2d 196). Subdivision 10 of section 590 of the Labor Law provides in substance that as to one employed in an instructional capacity, his or her weeks of employment and remuneration therefor shall be disregarded in determining his or her eligibility for benefits during the period between academic years or terms provided the claimant has a contract to complete or has reasonable assurance of continued employment. Claimant concededly has

that assurance and we have held on numerous occasions that one so situated is not entitled to benefits (see *Matter of Gaeta [Ross]*, 78 AD2d 742, mot for lv to app den. 52 NY2d 703). The board's holding that because claimant chose to teach two days a week during a five-week summer session she was "not between academic terms" and, therefore, eligible, is both irrational and unreasonable and thwarts the clear legislative intent. The law was enacted for the benefit of teachers whose employment had terminated at the conclusion of the academic year and whose employment prospects for the ensuing academic year were doubtful. It surely was not enacted to supplement the income of a regularly employed teacher who chose to teach a few days during her regular summer vacation while awaiting the commencement of the next academic year for which she had unquestioned assurance of employment. Since the question is purely one of statutory reading and analysis, dependent only upon an accurate apprehension of legislative intent, and since the board's decision frustrates that clear intent and is irrational and unreasonable, it must be reversed (cf. *Matter of Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451). Decision reversed, without costs, and initial determination of Commissioner of Labor reinstated. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.