■ In the Matter of the Claim of MARIA-LUISE SIFAKIS, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Re-

spondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 29, 1986.

Claimant has worked for a private university on a temporary basis during the various school registration periods since September 1981 and has achieved the status of temporary senior registration supervisor. She was so employed from May 20, 1986 through June 20, 1986, at which time she was told that she would be rehired during the next registration period in August 1986. She nonetheless filed a claim for unemployment insurance benefits, effective June 26, 1986. About July 18, 1986, claimant received written notice of reemployment effective August 18, 1986. The Unemployment Insurance Appeal Board concluded that claimant was ineligible for benefits pursuant to the terms of Labor Law § 590 (11), which essentially provides that noninstructional employees are ineligible for benefits during the summer recess if there is a "reasonable assurance" of continued employment during the next academic year (see, L 1984, ch 121, § 2; L 1983, ch 554, § 1; Matter of Halperin [New York City Bd. of Educ.—Roberts, 102 AD2d 933, 934).

The record provides substantial evidence that claimant was in fact reasonably assured of continued employment (cf., Matter of Halperin [New York City Bd. of Educ.—Roberts], 122 AD2d 412). In addition to admitting that she was verbally advised of an August 1986 rehiring prior to filing her claim, her union's collective bargaining agreement with the employer also entitled her to a preferred recall status based on seniority. Moreover, claimant's assertion that she was not between academic years or terms since the employer conducted summer sessions is not persuasive. The employer's personnel director testified that a traditional academic school year was in place, with the fall semester running from September through January and the spring term from February through June. The Board could rationally conclude that the summer session, in which only a limited number of classes were offered, was not part of the academic year within the meaning of Labor Law § 590 (11) (see, Matter of La Mountain [Westport Cent. School Dist.—Ross], 51 NY2d 318, 330-331). The overpayment of $1,002 in benefits was properly deemed recoverable (see, Labor Law § 597 [4]; Matter of Palsyn [Roberts], 100 AD2d 716, 717, n 2).

Decision affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.