■ In the Matter of the Claim of THELMA ALEXANDER, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 27, 1987, which ruled that claimant was ineligible to receive benefits under Labor Law § 590 (11).

Since 1979, claimant has worked for the employer herein, the New School for Social Research, as a temporary registration clerk. Claimant assisted the permanent staff with the increased workload during the various registration periods throughout the year. Claimant worked from April 29, 1985 until June 21, 1985, when she was laid off because there was no more work for her. In mid-July the school sent a letter to claimant offering her employment during the next registration period beginning August 12, 1985. Claimant accepted this offer and reported back to work on that date.

On or about July 7, 1985, claimant filed for unemployment insurance benefits effective June 22, 1985. The matter ultimately came before the Unemployment Insurance Appeal Board which determined that claimant, as a nonprofessional employee of an educational institution, was ineligible to receive benefits during the period between two successive academic years or terms where there was also reasonable assurance that claimant would be rehired in the same capacity for the next academic year or term *(see,* Labor Law § 590 [11]). Hence, the Board ruled the claimant was ineligible for benefits after July 15, 1985, the period following the school's offer of employment during the next registration period. Claimant appeals from the Board's decision.

On appeal claimant contends that Labor Law § 590 (11) is inapplicable because the school does not operate on a conventional academic calendar but, instead, has course offerings

year round. Claimant further contends that she was eligible for benefits under the statute since she was laid off while an academic term was in progress. Whether Labor Law § 590 (11) applied to the school generally was a factual issue to be resolved by the Board. Michael Markowitz, the school's personnel director, testified at the hearing that the school has fall and spring semesters as well as a summer session. In addition, there are recesses during the months of August and December. The foregoing amply supports the Board's conclusion that the school did in fact operate consistent with a conventional academic calendar and that Labor Law § 590 (11) was applicable to the school.

Regarding claimant's contention that Labor Law § 590 (11) does not apply to her in this instance because she was laid off during an academic term, Markowitz testified that claimant was laid off during the school's summer session. We perceive no error in the Board's reliance on *Matter of Lintz (Roberts)* (89 AD2d 1038), which held that a summer session is not considered an academic term under Labor Law § 590 (10) (which is identical to the subdivision involved in this appeal except that it pertains to a school's professional staff). Hence, the Board properly ruled that claimant was ineligible for benefits under Labor Law § 590 (11) since her period of unemployment was between two successive academic years or terms and there was reasonable assurance that she would be rehired to aid in registrations for the next succeeding term *(see, Matter of Sifakis [Roberts],* 133 AD2d 511). Claimant's other contentions are also without merit.

Decision affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.