[No. 31121-2-I. Division One. February 7, 1994.]

DIANE L. EVANS, *Respondent,* v. THE EMPLOYMENT SECURITY DEPARTMENT, *Appellant.*

*Christine O. Gregoire, Attorney General,* and *Andrew A. Fitz, Assistant,* for appellant.

*Martha B. Lindley,* for respondent.

SCHOLFIELD, J. — The State of Washington appeals an award to Diane Evans of unemployment benefits, arguing that as an unemployed teacher during the summer at Green River Community College, Evans was not entitled to bene-

fits under the Employment Security Act, RCW Title 50. We affirm.

Ms. Evans began teaching mathematics part time at Green River Community College in 1989. She taught one or two classes a quarter for 2 years without a contract, but never during the summer. During the 1991 spring quarter, Ms. Evans requested a teaching position for the summer. As the most senior part-time instructor in the math department, Ms. Evans anticipated employment, but the position was given to a less senior instructor. After being denied summer employment, and not knowing whether she would be hired to teach during the fall quarter, Ms. Evans applied for unemployment benefits.

The Employment Security Department denied Ms. Evans' claim for the summer quarter. On appeal, the administrative law judge (ALJ) affirmed the Department's denial of benefits, citing RCW 50.44.050(1), which states that benefits will not be paid "during the period between two successive academic years or terms", where the employee teaches in the first term and has reasonable assurance that he or she will teach in the second term. The Commissioner of the Employment Security Department affirmed the ALJ's decision, apparently based on RCW 50.44.050(3) which states that benefits will not be paid for any "established and customary vacation period or holiday . . .". On review, the Superior Court reversed the Commissioner's ruling, and granted Ms. Evans unemployment benefits for the summer.

The sole issue is whether RCW 50.44.050 prohibits granting unemployment benefits during the summer quarter to a part-time community college teacher reasonably assured of teaching the following term. The Employment Security Department contends that summer quarter is a "period between two successive academic years or terms", which prevents Ms. Evans from receiving benefits during the summer under the statute. Ms. Evans contends that the summer is not a vacation period, but is itself an academic term outside the ambit of RCW 50.44.050(1).

 In reviewing administrative action, the Court of Appeals sits in the same position as the superior court, applying the standards of the Administrative Procedure Act (APA), RCW 34.05, directly to the record before the agency. *Shaw v. Department of Empl. Sec.*, 46 Wn. App. 610, 613, 731 P.2d 1121 (1987). Under the APA, factual findings are subject to the "substantial evidence" standard, in which relief is granted if the order is "not supported by evidence that is substantial when viewed in light of the whole record before the court". RCW 34.05.570(3)(e). Questions of law are reviewed de novo, RCW 34.05.570(3)(d), although substantial weight is granted the agency's view of the law "if it falls within its expertise in that special field of law". *Macey v. Department of Empl. Sec.*, 110 Wn.2d 308, 313, 752 P.2d 372 (1988). In mixed questions of law and fact, the agency's factual findings are entitled to the same level of deference accorded under any other circumstance, and questions of law are subject to the same de novo review. *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 858 P.2d 494 (1993). The burden of demonstrating that an agency action is invalid rests on the party asserting invalidity (here, Ms. Evans). RCW 34.05.570(1)(a).

States receive federal funds for unemployment compensation if they pass legislation conforming to federal requirements. 26 U.S.C. § 3304. Washington's "conforming" legislation includes RCW 50.44.050(1) and RCW 50.44.050(3), the two statutes germane to this decision.

RCW 50.44.050(1) prevents unemployment benefits for the period between academic years or terms:

> (1) Benefits . . . shall not be paid . . . for any week of unemployment . . . between two successive academic years or terms . . . if [the teacher teaches] in the first of such academic . . . terms and if there is . . . reasonable assurance that [she will teach] . . . in the second of such academic years or terms.

The question raised is one of first impression: whether, under RCW 50.44.050(1), summer is an academic "term" at a community college such as Green River Community College. If summer is not an academic term, but is a break between two

successive terms (spring and fall; as the State here argues), then under RCW 50.44.050(1) Ms. Evans would not be eligible to receive unemployment benefits during the summer. On the other hand, if summer qualifies as a "term", then spring and fall terms are not successive, and unemployment benefits are allowed because summer cannot be a period "between two successive academic years or terms".

The administrative hearings resulted in no specific findings on whether summer is a "term", although the parties agree that summer classes are offered at Green River Community College. Summer classes themselves are suggestive that summer is an academic term at the college. The State advances no principled reason for concluding that the summer at Green River Community College is qualitatively different from the other terms — it offers no evidence that the number of hours required per credit, or the award of grades, or the granting and recognizing of credits earned during the summer are distinguishable from any other quarter. The State's conclusory statement that the summer is an "off" quarter, or that summer is the period between academic "years", is strained and unjustified by the facts or by the statute. There is no indication that the Legislature meant the State's position to be the law. We find that diminished enrollment during the summer provides insufficient justification for concluding that summer is not a term.[1]

The State cites *Berland v. Employment Sec. Dep't*, 52 Wn. App. 401, 760 P.2d 959 (1988) as supporting authority. *Berland* concerned a substitute teacher in the Seattle public school system who collected unemployment benefits during Christmas break. The court upheld the constitutionality of RCW 50.44.050 as it is applied to substitute teachers. That case is distinguishable from the issue at hand for a number

---

[1] The State provides authority from other jurisdictions, notably New York, which reach a contrary conclusion. *In re Lintz*, 89 A.D.2d 1038, 454 N.Y.S.2d 346 (1982); *In re Sifakis*, 133 A.D.2d 511, 519 N.Y.S.2d 433 (1987); *In re Alexander*, 136 A.D.2d 788, 522 N.Y.S.2d 998 (1988). This court is not bound by other states' authority, and we are not persuaded by these cases in part because the phrasing of the relevant statutes is different from RCW 50.44.050.

of reasons, the most important of which is Berland's attempt to collect unemployment during Christmas vacation, rather than during the summer, as here. No Washington case specifically considers whether summer at a community college should be considered an academic term.

Other Washington cases interpreting the statute have not had to construe the meaning of "term". *Abulhosn v. Department of Empl. Sec.*, 106 Wn.2d 486, 722 P.2d 1306 (1986) (full-time teachers offered worse positions as part-time substitutes are entitled to benefits during summer); *Samuels v. Department of Empl. Sec.*, 37 Wn. App. 409, 413, 680 P.2d 764 (1984) (an individual has "reasonable assurance" of reemployment if he or she is offered a different position); *Jennings v. Department of Empl. Sec.*, 34 Wn. App. 592, 663 P.2d 849 (substitute teachers have "reasonable assurance" of reemployment and are not entitled to benefits), *review denied*, 100 Wn.2d 1022 (1983).

■ Because we conclude summer is an academic term and the weeks for which Ms. Evans sought benefits did not fall between two successive terms as required by RCW 50.44-.050(1), that paragraph of the statute does not prevent Ms. Evans from receiving unemployment benefits.[2] Insofar as the ALJ based his decision on RCW 50.44.050(1), the ALJ's conclusion of law is erroneous.

However, this court is reviewing the Commissioner's ruling, not the ALJ's legal conclusions. Although the Commissioner's decision purports to adopt the ALJ's conclusions, he

---

[2] It is important to note that had Ms. Evans been contractually bound to teach for the college, and had the agreement provided for a break (typically, the summer) between two *non*successive terms, RCW 50.44.050(1) would bar Ms. Evans from receiving the unemployment benefits she was entitled to under the present facts. This is supported by authoritative commentary (*see* RCW 50.98.110, discussed later in the opinion) which states that

the between-terms denial provisions continue to apply differently to professional and nonprofessional personnel since the professional denial applies between either successive or nonsuccessive academic years or terms while the nonprofessional denial applies only between successive academic years or terms.

U.S. Dep't of Labor, *Draft Language & Commentary to Implement the Unemployment Compensation Amendments of 1976-P.L. 94-566*, at 5 (Supp. 3 1977).

actually based his affirmance on an entirely different paragraph of the statute: the "established and customary vacation" provision of RCW 50.44.050(3).[3] RCW 50.44.050(3) states:

> (3) Benefits shall not be paid . . . for any week of unemployment . . . during an established and customary vacation period or holiday recess if such individual performs such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

If summer is an "established and customary vacation period", as the Commissioner concluded, then RCW 50.44.050(3) would preclude Ms. Evans from receiving unemployment benefits.

Although the Commissioner utilized language central to RCW 50.44.050(3) ("established and customary vacation"), neither the State nor Ms. Evans addressed that paragraph of the statute in their legal briefs. At oral argument, attorneys for both parties agreed that RCW 50.44.050(3) did not apply. The party that might have favored its application, the State, conceded during oral argument that summer is not a customary vacation period, citing United States Department of Labor standards and commentary.

■ We agree that the United States Department of Labor standards are to be used in determining eligibility under RCW 50.44.050. *See Abulhosn v. Department of Empl. Sec.*, *supra*. This is recognized in RCW 50.98.110, which states:

> Considerable weight has been given to the commentary contained in that document entitled "Draft Language and Commentary to Implement the Unemployment Compensation Amendments of 1976 PL 94-566", published by the United States department of labor, employment and training admin-

---

[3]The decision of the Commissioner states: "[W]e adopt the Office of Administrative Hearings' findings and conclusions.

" . . . .

" . . . As set forth in the authority cited at conclusions Nos. 1 and 2, unemployment benefits . . . cannot be paid to an individual for any week of unemployment which commences during an established and customary vacation period (such as the 1991 summer quarter) . . .".

istration, and that commentary should be referred to when interpreting the provisions of this 1977 amendatory act.

In determining whether RCW 50.44.050(3) applies here, the commentary is dispositive:

> The "established and customary" vacation period or holiday recess involved in this provision include[s] those scheduled at Christmas and in the Spring, when those vacation periods or recesses occur *within a term*. In addition, in some localities the Thanksgiving recess may also be an established and customary vacation period or holiday recess during which, absent this denial, benefits may be payable. Because this provision is a blanket disqualification which treats school personnel differently than other claimants in the State, we believe it should be interpreted narrowly by confining the "established and customary" vacation periods to those indicated above.

(Italics ours.) U.S. Dep't of Labor, *Draft Language & Commentary to Implement the Unemployment Compensation Amendments of 1976-P.L. 94-566*, at 6 (Supp. 3 1977).

We agree with the parties that summer cannot be an "established and customary" vacation under the commentary because it does not occur "within a term". The Commissioner erred in concluding otherwise, and RCW 50.44.050(3) does not prevent Ms. Evans from receiving unemployment benefits.

Accordingly, because neither RCW 50.44.050(1) nor RCW 50.44.050(3) prohibits benefits to Ms. Evans, we affirm the trial court's reversal of the Commissioner's ruling.

PEKELIS, A.C.J., and AGID, J., concur.