Page 1173
924 P.2d 1173
Phillip C. TILLEY, Petitioner,
v.
The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO
and U.S. West Communications, Inc., Respondents.
No. 95CA2200.
Colorado Court of Appeals,
Div. II.
June 27, 1996.
Rehearing Denied Aug. 22, 1996.

Page 1174
        Thomas F. Hassan, Denver, for Petitioner.
        Parcel, Mauro, Hultin & Spaanstra, Raymond W. Martin, Nancy E. Berman, Denver, for Respondent U.S. West Communications, Inc.
        No Appearance for Respondent Industrial Claim Appeals Office.

Page 1175
        Opinion by Judge PLANK.
        Petitioner, Phillip C. Tilley (claimant), seeks review of a final order of the Industrial Claim Appeals Panel (Panel) which affirmed an order of a hearing officer disqualifying him from the receipt of unemployment compensation benefits. We affirm.
        U.S. West Communications, Inc., (employer) discharged claimant as a result of a confrontation between the claimant and a security guard on employer's premises. The hearing officer found that claimant had parked his car in a handicapped parking space, even though he was not handicapped. A security guard placed a note under the claimant's windshield wiper, advising the claimant that the police would be called if the claimant parked in the handicapped space again.
        The hearing officer found the claimant then confronted the security guard and made a threat of violence against her. The hearing officer further found that the employer investigated the matter and determined that, by "threatening to commit physical injury" to the security guard, the claimant acted in violation of the employer's safe workplace policy. Employer therefore discharged the claimant.
        The hearing officer further concluded that the claimant was responsible for his separation and disqualified him pursuant to § 8-73-108(5)(e)(XII), C.R.S. (1986 Repl.Vol. 3B) (discharge for threatening to assault under circumstances such as to cause a reasonably emotionally stable person to become concerned as to his or her safety). Upon review, the Panel affirmed the disqualification under § 8-73-108(5)(e)(XII). The Panel determined that the hearing officer's findings and the evidence also would support the disqualification under § 8-73-108(5)(e)(XIV), C.R.S. (1986 Repl.Vol. 3B).
I.
        Claimant contends the Panel erred in affirming his disqualification under both § 8-73-108(5)(e)(XII) and § 8-73-108(5)(e)(XIV). As we agree with the Panel that the evidentiary findings and evidence would support claimant's disqualification under § 8-73-108(5)(e)(XIV), we find no reversible error.
        Section 8-73-108(5)(e)(XIV) allows a claimant to be disqualified from the receipt of benefits for engaging in rude, insolent, or offensive behavior which reasonably need not be countenanced by a customer, supervisor, or fellow worker.
        Here, the hearing officer found that the claimant engaged in physically threatening behavior toward the security guard and that this behavior violated the employer's safe workplace policy. Furthermore, the evidence and findings would support a determination that a reasonable person in the position of the security guard need not have countenanced the claimant's language and behavior. Thus, the Panel did not err in determining that the evidence and findings would support a disqualification pursuant to § 8-73-108(5)(e)(XIV). See Davis v. Industrial Claim Appeals Office, 903 P.2d 1243 (Colo.App.1995); see also § 8-74-104(2), C.R.S. (1995 Cum.Supp.); Samaritan Institute v. Prince-Walker, 883 P.2d 3 (Colo.1994) (Panel can make own determination as to ultimate facts).
        We are not persuaded otherwise by claimant's argument that the security guard was not employed directly by employer and thus was not a "fellow worker" who fell within the protection of § 8-73-108(5)(e)(XIV). Neither the plain language nor the legislative history of the statute supports such a restrictive interpretation.
        Statutes are to be construed in a manner which furthers the legislative intent for which they were drawn. And, to discern the intent of the General Assembly, we first examine the language of the statute. Snyder Oil Co. v. Embree, 862 P.2d 259 (Colo.1993).
        A plain reading of the statute at issue here shows that the General Assembly did not limit the "fellow workers" who fall within the scope of the statute to those who are employed by the same employer as the claimant. Accordingly, we will not infer the existence of such a limiting interpretation. See Kraus v. Artcraft Sign Co., 710 P.2d 480 (Colo.1985).

Page 1176
        Further, the legislative history of the statute since its adoption does not support claimant's argument. See Grover v. Industrial Commission, 759 P.2d 705 (Colo.1988) (amendments to statute properly may be considered when determining legislative intent).
        When originally adopted in 1963, this subsection provided for a disqualification for "rudeness, insolence, or offensive behavior of the worker not reasonably to be countenanced by a customer." Colo. Sess. Laws 1963, ch. 188, § 82-4-9(5)(b)(ix) at 675 (emphasis supplied).
        In 1965, the scope of the statute was expanded to allow for a disqualification when a claimant engages in rudeness, insolence, or offensive behavior which reasonably need not be countenanced by a "customer, supervisor, or fellow worker." Colo. Sess. Laws 1965, ch. 213, § 82-4-8(6)(b)(xvi) at 840. By this amendment, the General Assembly indicated its intent to broaden the scope of the statute. This subsection has not been amended since then.
        Consequently, we conclude that the "fellow workers" who fall within the ambit of the statute are not limited to those who are employed by the same employer as the claimant. See also Davis v. Industrial Claim Appeals Office, supra (security guard in workplace lobby and those within hearing distance included within statute). We therefore reject claimant's argument.
        Since we have affirmed the disqualification pursuant to § 8-73-108(5)(e)(XIV), we need not address claimant's arguments concerning the applicability of § 8-73-108(5)(e)(XII).
II.
        We further reject claimant's arguments concerning the hearing officer's evidentiary findings.
A.
        Claimant initially argues, in essence, that the hearing officer erred in finding that he had threatened the security guard based solely on hearsay evidence. We find no reversible error.
        In unemployment compensation hearings, the rules of evidence are somewhat relaxed. See § 8-74-106(1)(f)(II), C.R.S. (1986 Repl.Vol. 3B); QFD Accessories, Inc. v. Industrial Claim Appeals Office, 873 P.2d 32 (Colo.App.1993). Furthermore, hearsay evidence may support a decision if it is sufficiently reliable and trustworthy and as long as the evidence possesses probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs. See Industrial Claims Appeals Office v. Flower Stop Marketing Corp., 782 P.2d 13 (Colo.1989).
        Here, the hearing officer expressly acknowledged that he was relying on hearsay evidence of the security guard and her supervisor. However, his decision reflects his consideration of relevant factors in assessing the reliability and trustworthiness of the hearsay evidence presented and admitted. From our review of the record, we perceive no reversible error in his conclusion that the hearsay evidence was reliable, trustworthy, and possessed probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs. See Industrial Claims Appeals Office v. Flower Stop Marketing Corp., supra.
        We are not persuaded otherwise by claimant's arguments that the written statements of the security guard and her supervisor should not have been admitted. Contrary to claimant's argument concerning the supervisor's statement, there is no requirement in unemployment compensation hearings that a document containing hearsay be admissible under a hearsay exception before it may be admitted into evidence. See Industrial Claims Appeals Office v. Flower Stop Marketing Corp., supra. Furthermore, claimant's unsupported allegation that this document was not reliable or trustworthy does not convince us that reversible error occurred in admitting the document.
        Furthermore, the hearing officer specifically weighed the security officer's absence at the hearing in determining whether he should rely on her hearsay testimony and documentation. We find no reversible error in his conclusion to allow her hearsay statements to be admitted and considered.

Page 1177
        While it might have been preferable for the security guard to have been present and subject to cross-examination by the claimant, the claimant specifically objected to a continuance to allow employer to subpoena the security guard to testify and, also, failed to subpoena her as his own witness. Thus, we find no merit to his argument now that he was prejudiced by her absence and by the allowance of her hearsay testimony.
B.
        We also reject claimant's contention that the hearing officer erred in his determinations concerning the credibility of the witnesses and the weight of the evidence.
        In unemployment proceedings, the hearing officers are required to assess the evidence independently and reach their own conclusions concerning the reason for the separation from employment, the probative value of the evidence, the credibility of the witnesses, and the resolution of any conflicting testimony. Goodwill Industries v. Industrial Claim Appeals Office, 862 P.2d 1042 (Colo.App.1993).
        Contrary to claimant's arguments, a hearing officer is not required to address specific evidence or testimony he or she does not find persuasive or make specific credibility determinations. See Roe v. Industrial Commission, 734 P.2d 138 (Colo.App.1986); Crandall v. Watson-Wilson Transportation System, Inc., 171 Colo. 329, 467 P.2d 48 (1970).
        Here, the hearing officer stated that he specifically considered the credibility of the parties who testified and the state of mind of the claimant at the time of the incident. By making evidentiary findings adverse to claimant's testimony, he implicitly determined claimant's testimony not to be credible on those issues. Contrary to claimant's arguments, we find no basis for disturbing the hearing officer's assessment of the credibility of the witnesses or his determinations concerning the resolution of the conflicting evidence and the probative value of the evidence. See Goodwill Industries v. Industrial Claim Appeals Office, supra.
        The hearing officer's findings are supported by substantial, although conflicting, evidence and the reasonable inferences which may be drawn therefrom. Thus, we will not disturb them. See Goodwill Industries v. Industrial Claim Appeals Office, supra.
        Accordingly, the Panel's order is affirmed.
        NEY and MARQUEZ, JJ., concur.