■ In the Matter of the Claims of SIGRIED GOODMAN et al., Appellants. BARNARD COLLEGE, Respondent; COMMISSIONER OF LABOR, Respondent. [687 NYS2d 209] —Yesawich Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 1997, which, *inter alia*, ruled that claimants were ineligible to receive unemployment insurance benefits because they had a reasonable assurance of continued employment.

Claimants, 32 union members, worked in various nonprofessional capacities for the employer, a two-semester educational

institution. Their periods of employment varied from year to year with some claimants working as few as nine months and others working 10 to 12 months a year because they were offered positions during the summer vacation period based on their seniority. Generally, the employer sent claimants annual "reasonable assurance" letters informing the employees that they would be rehired in the fall. Significantly, as pertinent to this appeal, the union contract with the employer expired on December 31, 1995, and the employer and the union entered into negotiations for a new collective bargaining agreement. During the negotiations, the employees went on strike from February 22, 1996 through March 5, 1996 and then resumed the strike on April 10, 1996, which continued until September 13, 1996. As a consequence, reasonable assurance letters were not sent to claimants in the summer of 1996; claimants were rehired, however, following the conclusion of the strike. After claimants had been on strike for seven weeks, they filed for unemployment insurance benefits pursuant to Labor Law § 592 (1). The Unemployment Insurance Appeal Board subsequently ruled that claimants were ineligible for benefits because, despite the absence of formal reassurance letters, claimants had reasonable assurances that they would be rehired on the same terms for the fall semester.

Claimants contend that Labor Law § 590 (11)—which deals with "reasonable assurance"—is not applicable to the instant case because in past years the employer employed some claimants during the summer session. This argument is untenable, however, for a summer session is not considered an academic term for the purposes of Labor Law § 590 (11) (*see, Matter of Alexander [Roberts]*, 136 AD2d 788, 789; *see also, Matter of Lintz [Roberts]*, 89 AD2d 1038).

The issue distills to whether claimants received "reasonable assurance" of employment; if so, denial of unemployment benefits was proper (*see,* Labor Law § 590 [11]). "Whether a claimant received a reasonable assurance of employment is a factual issue for the Board to resolve and such determination, if supported by substantial evidence, will not be disturbed" (*Matter of Makis [Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.—Commissioner of Labor]*, 251 AD2d 928, 929; *accord, Matter of Cannizzaro [Buffalo Bd. of Educ.—Commissioner of Labor]*, 256 AD2d 846). A review of the record discloses that substantial evidence supports the Board's decision that claimants were ineligible for unemployment insurance benefits by reason of Labor Law § 590 (11) (*see, Matter of Huff [Sweeney]*, 247 AD2d 734, 735, *lv denied* 92 NY2d 801). Admittedly, no

formal assurance letters were sent to the striking workers, but this was due to the employer's concern that any direct communications with the striking workers could be construed as an unfair labor practice under the National Labor Relations Act. Such letters, however, are not a per se requirement to support a reasonable assurance finding by the Board where, as in the case at hand, other evidence exists (*see, e.g., Matter of Sifakis [Roberts]*, 133 AD2d 511). The Board had before it, *inter alia*, evidence of past practices in which claimants were sent reasonable assurance letters, as well as the collective bargaining agreement. Significantly, the agreement, which remained in place until a new one was negotiated, protected claimants from removal or termination (*see, id.*). Finally, we are unpersuaded by claimants' contention that the provisions of Labor Law § 592 should allow them to prevail despite the fact that they would not have been eligible for benefits for this period had the strike not occurred.

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.