**Juanita P. HERRERA, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO and Denver Public Schools, Respondents.**

No. 99CA2399.

Colorado Court of Appeals, Div. IV.

Aug. 17, 2000.

Certiorari Denied March 12, 2001.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

John W. McKendree Law Offices, John W. McKendree, Elizabeth Kelly, Denver, Colorado, for Petitioner.

Ken Salazar, Attorney General, Y.E. Scott, Assistant Attorney General, Denver, Colorado, for Respondent the Industrial Claim Appeals Office.

No Appearance for Respondent Denver Public Schools.

Opinion by Judge PIERCE.*

Petitioner, Juanita P. Herrera (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed a hearing officer's order determining that she was ineligible to receive unemployment compensation benefits pursuant to § 8–73–107(3), C.R.S.1999, while she was on summer break from employment with Denver Public Schools (DPS) "between two successive academic years or terms." We affirm.

Claimant was employed as a food service worker by DPS. At the end of the 1999 spring school session, claimant did not seek, and was not offered, employment·during the DPS 1999 summer session. Thereafter, she applied for unemployment benefits.

After an evidentiary hearing, the hearing officer determined that claimant was employed by DPS during its spring academic term which ended June 9, 1999, that the summer session was a scheduled academic break, and that claimant had received reasonable assurance from DPS that she would be reemployed when the fall academic term began September 7, 1999. Consequently, the hearing officer concluded that claimant was ineligible to receive benefits during the summer break between the two successive academic years. The Panel affirmed. °

## I.

■ On appeal, claimant contends that the hearing officer erred in determining that she was out of work because of a break between two successive academic years or terms. We disagree.

Section 8–73–107(3)(b), C.R.S.1999, provides, with respect to services performed for an educational institution in any capacity other than an instructional, research, or principal administrative capacity, that:

[C]ompensation payable on the basis of such services shall be denied to any individual for any week which commences during a period between two successive academic years or terms or periods described in paragraph (c) of this subsection (3) if such individual performs such services in the first of such academic years, terms, or periods and there is a reasonable assurance that such individual will perform such services in the second of such academic years, terms, or periods. . . .

Here, claimant argues that, because the statutory language encompasses· academic years, terms, or periods, the General Assembly intended to include within its scope essentially any time frame in which academics were taking place. Asserting that limited academics occurred during the DPS summer session at issue, claimant contends that it was "an academic year or term or period."

She further reasons that, since she was not offered employment during the summer academic term or period, and since the summer academic session was successive to the

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

spring academic term, she was unemployed because of a lack of work during the second of two successive academic terms and the provisions of § 8–73–107(3)(b) are not applicable to her. We are not persuaded.

■ Statutes are to be construed in a manner that furthers the legislative intent for which they were drawn. *Tilley v. Industrial Claim Appeals Office*, 924 P.2d 1173 (Colo.App.1996).

■ We must read and consider the statute as a whole to determine legislative intent; construe the entire act to give consistent, harmonious, and sensible effect to all parts; and consider the ends the statute was designed to accomplish and the consequences which would follow from alternate constructions. *Redin v. Empire Oldsmobile, Inc.*, 746 P.2d 52 (Colo.App.1987).

We have previously determined that this provision of the state unemployment act was patterned after and is complementary to analogous provisions of the Federal Unemployment Tax Act. *See* 26 U.S.C. § 3304(a)(6) (1994). Thus, like the comparable federal statute, this statute was intended to preclude school teaching and non-teaching personnel from receiving unemployment compensation during summer recess if they have the promise of work in the fall. *See Board of County Commissioners v. Martinez*, 43 Colo.App. 322, 602 P.2d 911 (1979).

The plain language of the statute is consistent with this policy. The General Assembly specifically provided in this section that, if other criteria are met, a claimant is ineligible to receive benefits for weeks that commence during two time frames. The first is weeks "between two successive academic years or terms." The second is weeks during "periods described in paragraph (c) of subsection (3)."

Contrary to claimant's construction, the "periods" described in § 8–73–107(3)(c), C.R.S.1999, are "established and customary vacation period[s] or holiday recess[es]," not any period during which any academics are taking place.

Further, based on his resolution of the conflicting evidence, the hearing officer rejected claimant's further argument that the summer session was an "academic term or period" as contemplated by the statute.

Rather, he found that the summer session was a *scheduled academic break*. We may not disturb this finding on appeal. *See Tilley v. Industrial Claim Appeals Office, supra* (findings based on hearing officer's resolution of conflicting evidence, and reasonable inferences to be drawn therefrom, may not be disturbed on review).

The hearing officer necessarily determined that the relevant "successive academic years or terms" under the statute were the 1998–1999 academic year and the 1999–2000 academic year and found, on undisputed evidence, that claimant was employed until the end of the spring term of the 1998–1999 academic year.

■ He further found, based on his resolution of conflicting evidence, that claimant had signed a document in May 1999 in which she stipulated that she intended to return to work for DPS when the school term began September 7. He also found that, regardless of her concerns that she may not be rehired on that date, she had not been notified that DPS was discharging her. These findings support his conclusion that claimant received reasonable assurance she would be reemployed when the fall term of the 1999–2000 academic school year began in September 1999. *See Tilley v. Industrial Claim Appeals Office, supra* (findings based on conflicting evidence may not be disturbed); *Denver Public Schools v. Industrial Commission*, 644 P.2d 83 (Colo.App.1982) (reasonable assurance found).

We find no error in these determinations. *See Board of County Commissioners v. Martinez, supra; see also Friedlander v. Employment Division*, 66 Or.App. 546, 676 P.2d 314 (1984) ("academic year" construed to mean traditional fall through spring sessions of an educational institution); *In re Lintz*, 89 A.D.2d 1038, 454 N.Y.S.2d 346 (1982) (same).

Consequently, claimant was not eligible for benefits during the break from June 9 through September 7, 1999, and we reject her contention that the hearing officer erred in applying the provisions of § 8–73–107(3)(b).

II.

■ We also reject claimant's contention that the hearing officer erred in precluding

her from presenting evidence concerning whether the summer term was an "academic term or period," as opposed to a break between academic years.

As the Panel noted, some evidence on this issue was presented. Only when claimant sought to introduce evidence that DPS utilized race, age, and sexually discriminatory practices to determine who was offered employment as a food service worker during the summer session did the hearing officer intervene and limit further evidence to the issue of "reasonable assurance."

Although claimant objected, she did not make an offer of proof as to what remaining evidence she would have introduced on the issue of whether the summer session was an "academic term or period." *See* CRE 103(a)(2). *See Hart v. Industrial Claim Appeals Office*, 914 P.2d 406 (Colo.App.1995). Consequently, no reversible error occurred in the hearing officer's ruling, and like the Panel, we perceive no basis for ordering further proceedings.

The Panel's order is affirmed.

Judge ROTHENBERG and Judge STERNBERG ** concur.

---

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.