UNIVERSITY OF COLORADO, Colorado Springs, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado and Dianne Harrison, Respondents.

No. 02CA1998.

Colorado Court of Appeals, Div. III.

June 5, 2003.

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Gary F. Burke, Arvada, Colorado, for Petitioner.

Ken Salazar, Attorney General, Eric S. Rothaus, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

No Appearance for Respondent Dianne Harrison.

Opinion by Chief Judge DAVIDSON.

In this unemployment benefits case, petitioner, University of Colorado, Colorado Springs (employer), seeks review of a final order of the Industrial Claim Appeals Office (Panel) granting unemployment benefits to respondent, Dianne Harrison (claimant). The primary issue presented is whether a finality doctrine such as res judicata bars reconsideration by a deputy of his original decision once that decision has been affirmed on review by the Panel. We conclude that it does not and, therefore, affirm.

The relevant facts are not in dispute. Claimant was separated from her job as an instructor for employer at the end of the spring semester in 2001, and she then filed a claim for unemployment benefits.

The major substantive issue regarding this claim for benefits for the period from May 27 through September 15, 2001 was whether claimant then had "reasonable assurance" of returning to work for the next academic term. Section 8–73–107(3), C.R.S.2002, requires the denial of unemployment benefits to employees of educational institutions during the period between academic years or terms when there is "reasonable assurance" that such employees will be rehired for the next academic year or term. *See Herrera v. Indus. Claim Appeals Office*, 18 P.3d 819 (Colo.App.2000).

In the deputy's original decision issued on February 27, 2002, claimant was denied benefits for that period in 2001 based on the application of § 8–73–107(3) and the determination that she had reasonable assurance of returning to work. Claimant filed an untimely administrative appeal from that decision, which was later dismissed based on the determination that good cause had not been shown for permitting the untimely action. The Panel upheld that determination in a final order issued on May 22, 2002.

Nevertheless, on May 31, 2002, a "new" deputy's decision was issued on reconsideration pursuant to § 8–74–105, C.R.S.2002, which "replaced" the original decision issued on February 27. Under § 8–74–105, a deputy is authorized to reconsider a previous decision on his or her own motion within a twelve-month period "when it appears that an apparent procedural or substantive error has occurred in connection therewith."

Contrary to his original decision, in the reconsidered decision the deputy determined that claimant did *not* have reasonable assurance of returning to work and that § 8–73–107(3) did *not* apply to disallow benefits for the weeks in question. He further determined that, pursuant to § 8–73–108(4)(a), C.R.S.2002, claimant was entitled to benefits based on this separation because she was laid off at the end of that assignment.

Employer appealed the reconsidered decision, and a hearing was scheduled. Employer thereafter filed a "motion to dismiss," challenging the reconsidered decision. In this motion, employer asserted that the deputy had improperly re-opened the claim because the subsequent proceedings were barred by res judicata and the deputy did not comply with the statutory requirements for issuing a reconsidered decision.

At the hearing, the hearing officer denied employer's motion. However, employer was not prepared to present evidence regarding the substantive issues and the hearing officer denied employer's motion for a continuance. Consequently, employer's appeal from the reconsidered decision was dismissed based on its failure to participate in the scheduled hearing.

Employer then appealed to the Panel. In this appeal, employer reiterated its arguments challenging the deputy's reconsidered decision, but it did not otherwise challenge the action dismissing its appeal for failure to participate.

In a final order issued on September 20, 2002, the Panel rejected employer's arguments challenging the deputy's reconsidered decision, and this appeal followed. We agree with the Panel that the deputy's reconsideration of his February 27, 2002 decision was not barred by the Panel's prior affirmance of that decision.

## I.

Section 8–74–105 provides:

The deputy, hearing officer, or industrial claim appeals panel may, on his or its own motion, reconsider a decision within a twelve-month period subsequent to the date of decision when it appears that an apparent procedural or substantive error has occurred in connection therewith. Notification of a decision on reconsideration and the reasons therefor shall be promptly given to all interested parties. In the event that an appeal involving an original decision is pending as of the date on which a decision as a result of reconsideration is issued by the division, such appeal shall be considered void.

Employer argues that, because the Panel affirmed the dismissal of claimant's appeal of the deputy's February 2002 decision, the subsequent reconsideration by the deputy is barred by the doctrine of res judicata or similar finality principles. The Panel contends that the intent of § 8–74–105 is to override, to the extent applicable, any such principles. We agree with the Panel.

For purposes of construing a statute, we must first look to its plain language, see People v. Espinoza, 990 P.2d 1117 (Colo. App.1999), which must be read in context and accorded its plain and ordinary meaning. See Estate of Wright ex rel. Wright v. United Servs. Auto. Ass'n, 53 P.3d 683 (Colo.App. 2001). If we determine that statutory language is ambiguous, we may look to rules of statutory construction and the legislative his-

tory as indications of the General Assembly's intent. See Grant v. People, 48 P.3d 543 (Colo.2002); Colo. Common Cause v. Coffman, —— P.3d ——, 2003 WL 1562241 (Colo. App. No. 01CA1709, Mar. 27, 2003).

By its plain language, § 8–74–105 authorizes sua sponte reconsideration of a decision by a deputy, hearing officer, or the Panel. The only time restriction or other limitation on this authority is that it be exercised within twelve months of the date of the original decision.

Because appeals within the unemployment compensation division are statutorily expedited, see § 8–74–106, C.R.S.2002 (fifteen days for appeal of deputy decision to hearing officer); § 8–74–104, C.R.S.2002 (fifteen days for appeal of hearing officer's decision to the Panel), the twelve-month reconsideration period will often span the entire division appeals process. Similarly, if a party does not appeal the decision of a deputy, hearing officer, or the Panel, that decision would be final long before the expiration of the time allotted for reconsideration under § 8–74–105. See § 8–74–106(1)(b), C.R.S.2002 (decision becomes final after time for appeal within the division passes).

Thus, because the statutory scheme allows reconsideration to occur months after multiple levels of appeal within the division have been completed, we conclude that the General Assembly intended to allow reconsideration notwithstanding otherwise applicable principles of finality. This conclusion is consistent with the recognition that, because of the attenuated time frame for review, a mechanism to catch obvious error was essential in the interest of fundamental fairness. See Renz v. Larimer County Sch. Dist. Poudre R–1, 924 P.2d 1177 (Colo.App.1996) (reaching similar conclusion in workers' compensation case regarding priority of statutory reopening authority under that scheme over doctrines of res judicata and law of the case; statute reveals that General Assembly intended fairness concerns to override finality concerns); cf. Hearings on H.B. 1202 before the House Business Affairs and Labor Committee, 50th General Assembly, Second Session (Feb. 12, 1976) (testimony suggesting

that provision allows for clear errors to be "corrected before they go the entire appellate route").

Employer contends that, nevertheless, reconsideration of a decision can occur only if an appeal of that decision has not been completed. The argument is that, by the language in § 8–74–105, which voids any appeal of an original decision that is "pending" when a reconsidered opinion is issued, the General Assembly intended that finality principles apply, conversely, to decisions that are no longer "pending" appeal. We disagree.

Reading this provision in context, we understand it merely to clarify the otherwise possibly uncertain status of cases on appeal at the time of reconsideration. Indeed, in light of the expedited division appeals process and the immediately preceding language allowing twelve months for reconsideration, employer's interpretation is inconsistent with the overall intent of the statute and would, more often than not, render the mechanism of reconsideration meaningless. *See Lagae v. Lackner*, 996 P.2d 1281, 1284 (Colo.2000)(although court must give effect to the plain and ordinary meaning of the words of the statute, "the General Assembly's intent and purpose must prevail over a literalist interpretation that leads to an absurd result").

Thus, we conclude that the Panel's determination of claimant's appeal of the deputy's original decision did not bar subsequent reconsideration by the deputy under § 8–74–105. Based on the posture of this case, however, it is unnecessary to address the effect of an appeal filed in this court, pursuant to § 8–74–107, C.R.S.2002, on the authority of the deputy, hearing officer, or Panel to reconsider an original decision pursuant to § 8–74–105.

## II.

Employer also contends that, even if finality principles do not bar reconsideration, the deputy did not issue his reconsidered decision in compliance with the applicable statutory requirements. Again, we disagree.

First, contrary to employer's argument, there is no indication in the record that the reconsidered decision was issued as a result of any improper or unauthorized action taken by claimant. Rather, the record shows that the decision was properly issued solely on the deputy's own initiative in accordance with the requirements of § 8–74–105.

Second, the deputy adequately referenced a particular "procedural or substantive error," as required by § 8–74–105. The reconsidered decision notified the parties that it was issued pursuant to § 8–74–105 and that it was based on error concerning claimant's "reasonable assurance" of returning to work and the applicability of § 8–73–107(3). Thus, the record shows that the deputy determined that a substantive error had occurred in the original decision regarding these issues and took action to correct that error under the authority of § 8–74–105.

Under these circumstances, we agree with the Panel that the reconsidered decision satisfied the requirements of § 8–74–105. *See Allmendinger v. Indus. Comm'n*, 40 Colo. App. 210, 571 P.2d 741 (1977)(upholding Industrial Commission's final order reversing its recently issued previous decision and noting "liberal" reconsideration procedures of § 8–74–105).

Accordingly, the Panel's September 20 order is affirmed.

Judge ROY and Judge WEBB concur.