■ In the Matter of the Claim of CAROLE J. SCOTT, Respondent. SOUTH COLONIE CENTRAL SCHOOL DISTRICT, Appellant; COMMISSIONER OF LABOR, Respondent. [807 NYS2d 698]—

Cardona, P.J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 2004, which ruled that claimant was eligible to receive unemployment insurance benefits.

During the 2002-2003 school year, claimant worked for the South Colonie Central School District (hereinafter District) as a substitute teacher. Prior to the 2003 summer recess, claimant received a letter from the District indicating that it would keep her on the substitute list[1] for the 2003-2004 school year if she signed and returned the attached form. Claimant signed and returned that document at the end of June 2003, however, due to a personal injury that she sustained while working as a waitress during the summer, claimant informed the Capital Region BOCES Substitute Coordinator Service in September 2003 that she was not available as a substitute teacher "until further notice."[2] Subsequently, claimant was medically cleared for work and, on February 2, 2004, she notified the service that she was available as a substitute. The District's winter recess for the 2003-2004 academic year occurred between February 16 and 20, 2004. Claimant, who had not worked as a substitute teacher a single day between the first day of the 2003-2004 school year and the beginning of the District's winter vacation period, applied for unemployment insurance benefits. A determination was thereafter issued finding that she was eligible to, among other things, receive benefits for the winter recess period. Although the District objected, the Unemployment Insurance Appeal Board ruled in claimant's favor, prompting this appeal.

Pursuant to Labor Law § 590 (10), a claimant who is employed

1. The substitute list was maintained by Capital Region BOCES Substitute Coordinator Service, an automated and Internet-based service which finds substitute teachers for the District on an as needed basis.

2. We note issues relating to, among other things, claimant's availability for employment were referred for a separate investigation and determination. Therefore, the District's arguments in that regard are premature and will not be addressed herein.

in an instructional capacity by an educational institution is precluded from receiving unemployment insurance benefits during "any week commencing during an established and customary vacation period or holiday recess, not between such academic terms or years, provided the claimant performed services for such institution immediately before such vacation period or holiday recess and there is a reasonable assurance that the claimant will perform any services . . . in the period immediately following such vacation period or holiday recess."[3] Here, the Board ruled that Labor Law § 590 (10) did not bar claimant from receiving benefits for the week of the February 2004 holiday recess because she did not work "immediately before" the District's winter vacation period. In applying that statutory provision, the Board, consistent with its prior practice, interpreted the phrase "immediately before" to mean any day of the week preceding the vacation period at issue (Labor Law § 590 [10]). Significantly, while the Board's interpretation of that phrase is not entitled to any special deference (see Matter of Lintz [Roberts], 89 AD2d 1038, 1038 [1982]; see also Matter of Gruber [New York City Dept. of Personnel—Sweeney], 89 NY2d 225, 231 [1996]; Matter of Wojnar [Commissioner of Labor], 5 AD3d 899, 900 [2004]), we, nevertheless, conclude that claimant did not work "immediately before" the holiday recess at issue in light of the clear wording of the statutory text.[4]

Notably, the District argues that claimant was ineligible for unemployment insurance benefits in February 2004 because she had been provided with reasonable assurance of employment as a substitute teacher for the 2003-2004 school year. To buttress its argument, the District cites to a separate provision in Labor Law § 590 (10), which precludes a teacher from receiving benefits over the summer or between academic years when there has been a reasonable assurance of continued work (see e.g. Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor], 17 AD3d 762, 763 [2005]; Matter of Lintz

---

3. This language is similar to that of 26 USC § 3304 (a) (6) (A) (iii). Such phrasing had originally been added to the Labor Law in 1984 for the purpose of bringing New York unemployment insurance law into conformity with the Federal Unemployment Tax Act so as not to lose federal funding and possible credits against that tax (see 26 USC § 3304 [a] [6] [A] [iii]; [c]; Sponsor's Mem, Bill Jacket, L 1984, ch 121; Letter from State Dept of Labor, May 4, 1984, at 2, Bill Jacket, L 1984, ch 121).

4. Specifically, while the Board, as we previously noted, defines "immediately before" as meaning the prior week, it is unnecessary for us to specifically define a time frame in the case before us since it is undisputed that claimant did not work any day in the 2003-2004 school year prior to applying for benefits and, therefore, did not work immediately before the holiday recess.

[*Roberts*], *supra* at 1038-1039). However, that is not the provision at issue here.[5] Instead, based on the clear wording of the entire statutory section, it is apparent that the existence of reasonable assurance only renders a claimant ineligible to receive benefits *between* school years or terms. It does not render a claimant absolutely ineligible to receive benefits during holidays or recesses during the school year unless the claimant worked immediately before the holiday or recess and, in addition, had reasonable assurance of employment *after* such vacation period. Accordingly, we find no basis to disturb the Board's decision regarding the inapplicability of Labor Law § 590 (10).

The District's remaining arguments are either unpersuasive or not properly before us.

Mercure, Crew III and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.

---

5. The fact that the two situations are to be treated differently is made clearer when the federal counterpart to Labor Law § 590 (10) is examined (*compare* 26 USC § 3304 [a] [6] [A] [i], [iii]).