Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 12, 2016, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he had a reasonable assurance of continued employment.
 

 Claimant worked as a per diem substitute teacher for the Rochester City School District (hereinafter the employer) during the 2014-2015 school year. In the week immediately prior to a holiday recess at the end of December 2015, claimant worked at least three days. Claimant applied for unemployment insurance benefits due to a “lack of work” related to the recess. The Department of Labor made an initial determination that claimant was ineligible for benefits because, pursuant to Labor Law § 590 (10), he had received a reasonable assurance of employment after the recess. Claimant requested and thereafter received a hearing on the matter. After the hearing, an Administrative Law Judge determined, among other things, that claimant had not received a reasonable assurance of employment after the recess, and she overruled the initial determination. The employer appealed, and the Unemployment Insurance Appeal Board reversed the Administrative Law Judge’s decision, holding, among other things, that claimant had received a reasonable assurance of employment after the recess and that, as a result, claimant was not entitled to benefits in relationship to the relevant period. Claimant appeals.
 

 We find that the Board’s interpretation of Labor Law § 590 (10) is inconsistent with the plain language of that provision requiring a reasonable assurance from an employer, and therefore we reverse (see generally CPLR 7803 [3]; Matter of Guimarales [New York City Bd. of Educ.-Roberts], 68 NY2d 989, 991 [1986]; Matter of Abramowitz [City Univ. of N.Y.—Hartnett], 156 AD2d 837, 840 [1989], lv denied 75 NY2d 711 [1990]). “Pursuant to Labor Law § 590 (10), a claimant who is employed in an instructional capacity by an educational institution is precluded from receiving unemployment insurance benefits during ‘any week commencing during an established and customary vacation period or holiday recess, not between such academic terms or years, provided the claimant performed services for such institution immediately before such vacation period or holiday recess and there is a reasonable assurance that the claimant will perform any services ... in the period immediately following such vacation period or holiday recess’ ” (Matter of Scott [Commissioner of Labor], 25 AD3d 939, 939-940 [2006]).
 

 Initially, this Court has repeatedly held that the interpretation of plain language in Labor Law § 590 (10) is a matter for resolution by the courts, not subject to deference in regard to the Board’s interpretation (see Matter of Scott [Commissioner of Labor], 25 AD3d at 940; Matter of Abramowitz [City Univ. of N.Y.—Hartnett], 156 AD2d at 839; Matter of Lintz [Roberts], 89 AD2d 1038, 1038 [1982]). This Court has well-established precedent interpreting the identical phrase in Labor Law § 590 (10), “reasonable assurance,” regarding two successive academic years or terms to require “a representation by the employer” as to future employment (Matter of Rosenbaum [Borough of Manhattan Community Coll., City Univ. of N.Y.—Commissioner of Labor], 125 AD3d 1019, 1020 [2015] [internal quotation marks and citations omitted; emphasis added]; see Matter of Upham [Dutchess Community Coll.—Commissioner of Labor], 132 AD3d 1221, 1221 [2015]; Matter of Murphy [Copake-Taconic Cent. School Dist.—Commissioner of Labor], 17 AD3d 762, 763 [2005]). This representation often takes the form of a letter from an employer assuring a per diem substitute teacher of future employment opportunities (see e.g. Matter of Murphy [Commissioner of Labor], 85 AD3d 1478, 1479 [2011]; Matter of Schwartz [New York City Dept. of Educ.-Commissioner of Labor], 68 AD3d 1323, 1324 [2009]; Matter of Papapietro [Commissioner of Labor], 34 AD3d 956, 957 [2006]).
 

 Here, it is uncontested that the employer never sent any letter to claimant or provided him with any other form of notice that made a representation regarding claimant’s employment after the recess. Despite the fact that the Legislature required an assurance in this regard, the Board found that none was needed; it explained that it has “long held” that an employer need not give any notice to an employee regarding employment following a recess or a vacation.
 

 Given that we have interpreted the word assurance to mean that an employer must make a representation to the employee, we find no reason to conclude, as the Board apparently did, that the Legislature intended the second use of the word assurance in Labor Law § 590 (10) to be superfluous. Accordingly, as the Board’s conclusion that the employer need not make any representation or provide any notice to an employee regarding the provision of services immediately following a recess or vacation is inconsistent with the plain legislative requirement that the employer provide a reasonable assurance regarding such services, we reverse and remit for further proceedings (see Matter of Echevarria v DiNapoli, 145 AD3d 1310, 1311 [2016]; Matter of Abramowitz [City Univ. of N.Y.—Hartnett], 156 AD2d at 840).
 

 Garry, J.P., Lynch, Devine, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court’s decision.